Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Katya Alfonso*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATYA ALFONSO,<br><br>  Plaintiff,<br><br>  vs.<br><br>WILLIAMS & ASSOCIATES d/b/a WILLIAMS STARBUCK, and DONALD H. WILLIAMS,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA")**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

# INTRODUCTION

1. Katya Alfonso ("Plaintiff"), through her counsel, brings this action to challenge the actions of Defendants Williams & Associates d/b/a Williams Starbuck ("W&A"), and Donald H. Williams ("Williams") (jointly as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the State of Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8. Defendants are subject to personal jurisdiction in Nevada, as they conduct business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Nevada and within this judicial district, Plaintiff resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendants conducted business within this federal judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person who resides in Las Vegas, Clark County, Nevada.

11. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant Williams & Associates d/b/a Williams Starbuck ("W&A") is a law firm with an office and principal place of business in the State of Nevada that regularly engages in debt collection. Defendant W&A is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant Donald H. Williams is an attorney and principal of the law firm of W&A who maintains a law office and principal place of business in the State of Nevada that regularly engages in debt collection. Defendant Williams is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendants' website states debt collection is one of Defendants primary practices. *See* https://www.williamsstarbuck.com/about/; *see also* https://www.williamsstarbuck.com/practice-areas/.

16. At all times relevant herein, Defendant Williams acted in concert with, and as a principal, agent, and representative of Defendant W&A.

### Factual Allegations as to Plaintiff's Individual Claims

14. Sometime prior to August of 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Republic Silver State Disposal, Inc., d/b/a Republic Services ("Republic") primarily for personal, family or household purposes, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

15. Plaintiff allegedly defaulted on the alleged Debt and sometime thereafter Defendants were assigned or transferred the Debt and proceeded to engage in collection activities in attempts to collect upon the alleged Debt.

### May 10, 2021 Email from Defendants

16. On May 10, 2021, Defendants sent Plaintiff an email for the purposes of collecting an alleged debt, stating: an alleged $1,327.68 in principal was owed and $1,430.00 in alleged attorney's fees and costs was owed.

17. Defendants attached a Republic Services of Southern Nevada document to the May 10, 2021, email claiming $1,327.68 was allegedly owed in principal and $1,430.00 was alleged owed in attorney's fees and costs.
18. The May 10, 2021 email was the first written correspondence from Defendants and failed to meet the 15 U.S.C. § 1692g(a) notice requirements.
19. Additionally, the May 10, 2021 email failed to inform Plaintiff that the email was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt, pursuant to the 15 U.S.C. § 1692e(11) notice requirements.

### August 3, 2021 Email from Defendants

20. Before the August 3, 2021 email, Plaintiff paid Republic $650.38.
21. On or about August 3, 2021, Defendants emailed Plaintiff for the purposes of collecting an alleged debt, and Defendants claimed that the previous payoff had expired and attached "the current payoff."
22. Defendants attached a Republic Services of Southern Nevada document to the August 3, 2021, email claiming $700.98 was allegedly owed in principal and $1,705.00 was alleged owed in attorney's fees and costs.
23. Defendants' August 3, 2021 email similarly failed to meet the 15 U.S.C. § 1692g(a) notice requirements.
24. The August 3, 2021 email also failed to inform Plaintiff that the communication was from a debt collector, that the email was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt pursuant, to the 15 U.S.C. § 1692e(11) notice requirements.

### August 30, 2021 Email from Defendants

25. On August 30, 2021, Defendants sent Plaintiff an email for the purposes of collecting an alleged debt, stating: an alleged $1,327.68 in principal was owed and $1,430.00 in alleged attorney's fees was owed.

26. Confusingly, Defendants reverted to the amounts Defendants claimed where owed in May 10, 2021 email, disregarding Plaintiff's payments since then.
27. Defendants attached a Republic Services of Southern Nevada document to the August 30, 2021, email claiming $700.98 was allegedly owed in principal and $1,705.00 was alleged owed in attorney's fees and costs.
28. Defendants also attached a Confession of Judgment to the August 30, 2021 email claiming $700.98 was allegedly owed in principal and $2,255.00 was alleged owed in attorney's fees and costs.
29. In the text of the same Confession of Judgment document, Defendants claimed the total amount of the unpaid balance was $4,660.98.
30. Defendants also attached a "Promissory Note" in Word format the August 30, 2021 email claiming $700.98 was allegedly owed in principal and $2,255.00 was alleged owed in attorney's fees and costs.
31. Defendants' August 30, 2021, email also failed to meet the 15 U.S.C. § 1692g(a) notice requirements.
32. The August 30, 2021, email also failed to inform Plaintiff that the communication was from a debt collector, the email was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt pursuant to the 15 U.S.C. § 1692e(11) notice requirements.

### September 1, 2021 Email from Defendants

33. On August 31, 2021, Plaintiff sent Defendants an email wherein she told Defendants that her bill had been paid in full, that Republic had informed her that morning that her balance was zero, and that she was confused by the conflicting and inconsistent communications from Defendants.
34. On or about September 1, 2021, a day after Plaintiff's email telling Defendants that she had a zero balance, Defendants emailed Plaintiff again in an attempt to collect the alleged debt, stating: "Please see the revised Confession of Judgment and Promissory Note that reflects the attorney's fees only."

35. Unlike before, Defendants did not attach any Republic Services of Southern Nevada invoice/bill summary to their September 1, 2021 email.

36. Defendants attached a new Confession of Judgment to the September 1, 2021, email, now claiming a total of $2,255.00 was alleged owed, and that amount was <u>only</u> for Defendants' attorney's fees and costs.

37. In the text of the same Confession of Judgment document, Defendants claimed the total amount of the debt was $4,660.98.

38. Defendants attached a "Promissory Note" in Word format to the September 1, 2021 email claiming that $2,255.00 was allegedly owed in attorney's fees and costs.

39. Defendants' September 1, 2021 email failed to meet the 15 U.S.C. § 1692g(a) notice requirements.

40. The September 1, 2021, email also failed to inform Plaintiff that the communication was from a debt collector and that the email was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt pursuant to the 15 U.S.C. § 1692e(11) notice requirements.

## September 2, 2021 Email from Defendants

41. On September 2, 2021, Defendants sent Plaintiff a harassing and erroneous email for the purposes of collecting an alleged debt which read as follows:

> "Republic does not accept haircuts or reduced amounts. From what I remember, I told you that I would be happy to take an offer back to Republic for consideration, but that they typically do not accept reduced amounts. Additionally, by paying the principal amount, when I have said at least once not to do that, **you have actually put yourself in a worse position, because you have essentially admitted to owing the money**. Now, if we go to Court, I would have to explain to the judge that **you paid the principal, admitted you owed the money, and now Republic is entitled to all of its attorneys fees, including those incurred to file motions and attend hearings with the Court**. That is not the best option for you, but I am not your attorney; however, if that is what you would like to do, I'll proceed however you would like. I personally would prefer to just work out a payment plan for the remaining balance, which

|   |   |   |
|---|---|---|
| 1 | | is only attorneys fees, as they are now. I do appreciate your proactivity. Let me know if you would rather resolve for the balance, **or would like me to file a motion with the Court**?" (emphasis added). |
| 2 | | |
| 3 | 42. | As of September 2, 2021, and filing date of this Complaint, there are no records of Defendants ever filing a complaint or anything else against Plaintiff so in effect Defendants could not file "a motion with the Court." |
| 4 | | |
| 5 | | |
| 6 | 43. | The September 2, 2021, email failed to meet the 15 U.S.C. § 1692g(a) notice requirements. |
| 7 | | |
| 8 | 44. | The September 2, 2021, email also did not inform Plaintiff that the communication was from a debt collector and that the email was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt pursuant to the 15 U.S.C. § 1692e(11) notice requirements. |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | **January 31, 2022 Email from Defendants** |
| 14 | 45. | On January 31, 2022, Defendants sent Plaintiff a harassing and erroneous email for the purposes of collecting an alleged debt which read as follows: |
| 15 | | |
| 16 | | "I am reaching out because it has come to my attention that you recently paid your principal balance with Republic (**without my approval**), and have not contacted or responded to my office's attempts to speak with you. Please respond to this email to make arrangements to pay the remaining attorney's fees and fully resolve this matter**. If I do not hear from you, I will instruct Republic to add my attorney's fees to your account, which is authorized by Las Vegas Municipal Code 9.08.210**. Hope to hear from you soon." (emphasis added). |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | 46. | The January 31, 2022, email failed to meet the 15 U.S.C. § 1692g(a) notice requirements. |
| 23 | | |
| 24 | 47. | The January 31, 2022, email also did not inform Plaintiff that the communication was from a debt collector and that the email was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt pursuant to the 15 U.S.C. § 1692e(11) notice requirements. |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

48. Each time Plaintiff was contacted about the Debt owed, a different amount was claimed to be owed. Inexplicably, the amount claimed to be owed jumped from one amount to another in the same communications sent to Plaintiff. Defendants' debt collection activity was unlawful, abusive, misleading, caused confusion and uncertainty for Plaintiff, and constituted multiple FDCPA violations.

49. The emails and each of the respective attached documents to those emails contradicted each other causing more confusion and stress to Plaintiff, and leaving Plaintiff without the ability to understand and make a decision in response to Defendants' collections communications.

50. The different amounts represented by Defendants are as follows:

| Date of Collection Communication | Description of Location of Misrepresentation | Claimed Principal | Claimed Attorney's Fees and Costs | Total Debt Claimed by Defendants |
|---|---|---|---|---|
| May 10, 2021 Email | Body of Text | $1,327.68 | $1,430.00 | **$2,757.68** |
| | Attachment - Republic Statement | $1,327.68 | $1,430.00 | **$2,757.68** |
| August 3, 2021 Email | Attachment - Republic Statement | $700.98 | $1,705.00 | **$2,405.98** |
| August 30, 2021 Email | Body of Text | $1,327.68 | $1,430.00 | **$2,757.68** |
| | Attachment - Promissory Note | $700.98 | $2,255.00 | **$2,955.98** |
| | Attachment - Republic Statement | $700.98 | $1,705.00 | **$2,405.98** |
| | Attachment - Confession of Judgment | $700.98 | $2,255.00 | **2,955.98** |
| | Attachment - Confession of Judgment | --- | --- | **$4,660.98** |
| September 1, 2021 Email | Attachment - Promissory Note | --- | $2,255.00 | **$2,255.00** |
| | Attachment - Confession of | --- | $2,255.00 | **$2,255.00** |

- 9 -
COMPLAINT

| | | | | |
|---|---|---|---|---|
| | Judgment | | | |
| | Attachment - Confession of Judgment | --- | --- | **$4,660.98** |

51. Defendants' collections activities and communications above violated 15 U.S.C. § 1692e(2) by falsely representing the amount and the legal status of the Debt in the various collection emails and documents sent to Plaintiff.

52. Defendants' collections activities and communications above violated 15 U.S.C. § 1692e(5) by threatening action that could not be legally taken or was not intended to be taken by falsely misrepresenting Defendants filed motions and attended hearings with a court in its September 2, 2021 email.

53. Defendants' collections activities and communications above violated 15 U.S.C. § 1692e(10) by Defendants' use of various false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

54. Defendants' collections activities and communications above violated 15 U.S.C. § 1692f because Defendants utilized unfair and unconscionable means in its attempts the Debt from Plaintiff.

55. Defendants' collections activities and communications above violated 15 U.S.C. § 1692f(l) because Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

57. Plaintiff has been misled, suffered mental anguish and emotional distress, inconvenience, frustration, and stress, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each of the Defendants.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the 15 U.S.C. §§ 1692, et seq., including but not limited to each one of the above cited provisions.

**Factual Allegations as to Class Claims**

59. Defendants' debt collection email to Plaintiff on May 10, 2021 constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2). Every email after that also constituted a "communication" under 15 U.S.C. § 1692a(2).

60. In Defendants' May 10, 2021 email, Defendants failed to meet the notice requirements required pursuant to 15 U.S.C. § 1692g(a)

61. Defendants' May 10, 2021 email failed to provide Plaintiff "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" in violation of 15 U.S.C. § 1692g(a)(3).

62. Defendants' May 10, 2021 email failed to provide Plaintiff and, upon information and belief, the Class of similarly situated persons "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

63. Defendants' May 10, 2021 email misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(3) and (4).

64. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendants' Letter is likely to mislead consumers since it overshadows and misrepresents the dispute period permitted by federal law.

65. Defendants' May 10, 2021 email violated 15 U.S.C. § 1692e(10) by Defendants' use of false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

66. Defendants' May 10, 2021 email violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

67. Further, each of Defendants' emails described above (May 10, 2021, August 3, 2021, August 30, 2021, September 1, 2021, and September 2, 2021) failed to provide Plaintiff notice "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector except that this paragraph shall not apply to a formal pleading made in connection with a legal action" in violation of 15 U.S.C. § 1692e(11).

68. Each of Defendants' emails described above (May 10, 2021, August 3, 2021, August 30, 2021, September 1, 2021, and September 2, 2021) misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under the FDCPA.

69. Each of Defendants' emails described above (May 10, 2021, August 3, 2021, August 30, 2021, September 1, 2021, and September 2, 2021) violated 15 U.S.C. § 1692e(10) by Defendants' use of false representations and deceptive means in connection with its attempts to collect an alleged debt.

70. Each of Defendants' emails described above (May 10, 2021, August 3, 2021, August 30, 2021, September 1, 2021, and September 2, 2021) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

71. As alleged in this Complaint, Defendants engaged in unlawful, deceptive, and abusive collection activity with regard to their attempts to collect an alleged debt from Plaintiff and similarly situated Class members through its conduct

- 12 -
COMPLAINT

and communications similar to those described above. Such conduct constitutes violations of 15 U.S.C. §§ 1692g(a), 1692e, and 1692f of the FDCPA.

//

//

## CLASS ACTION ALLEGATIONS

72. Plaintiff brings this class action on behalf of herself, and on behalf of all others similarly situated.

73. Plaintiff represents and is a member of the "Class" defined as:

> (i) all persons in the United States (ii) who were sent an initial written communication substantially similar or identical to Defendants' May 10, 2021 email from Defendants (iii) in attempt to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (vii) within one year prior to the filing of the Complaint in this action.

74. Defendants and their employees or agents are excluded from the Class.

75. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

76. The identities of individual members are ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

77. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendants violated the FDCPA as described herein;

   b. Whether members of the Class are entitled to the remedies under the FDCPA;

   c. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

78. As a person who received at least one written communication from Defendants in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.

79. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

80. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

81. A class action is a superior method for the fair and efficient adjudication of this controversy.

82. Class-wide damages are essential to induce Defendants to comply with the federal alleged in the Complaint.

83. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the combined maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

84. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

85. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

86. Plaintiff request certification of a hybrid class for monetary damages and injunctive relief.

## COUNT ONE

## Violation of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692, et seq. (FDCPA)

87. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.



88. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

89. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class and Plaintiff's attorneys be appointed as Class Counsel;

- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendants from continuing use of collection communications substantially in the form of the collection communications at issue;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each of the Defendants for Plaintiff and each putative Class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each of the Defendants for Plaintiff and each putative Class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each of the Defendants; and

- Any and all other relief that this Court deems just and proper.

///

///

**DEMAND FOR JURY TRIAL**

90. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 3rd day of February 2022.

                                   Respectfully submitted,

                                   **KAZEROUNI LAW GROUP, APC**

                                   By: */s/ Gustavo Ponce*
                                                 Gustavo Ponce, Esq.
                                                 Mona Amini, Esq.
                                                 6069 S Fort Apache Road, Suite 100
                                                 Las Vegas, Nevada 89148
                                                 *Attorneys for Plaintiff*