1  Gustavo Ponce, Esq.
Nevada Bar No. 15084
2  Mona Amini, Esq.
Nevada Bar No. 15381
3  **KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
4  Las Vegas, Nevada 89103
Telephone: (800) 400-6808
5  Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
6  E-mail: mona@kazlg.com

7  *Attorneys for Plaintiff,*
*Katya Alfonso*

8

## UNITED STATES DISTRICT COURT

9

### DISTRICT OF NEVADA

10

| | |
|---|---|
| 11  KATYA ALFONSO, | Case No.:  2:22-cv-00206-CDS-EJY |
| 12                    Plaintiff, | **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |
| 13        vs. | |
| 14  WILLIAMS & ASSOCIATES d/b/a WILLIAMS STARBUCK, DONALD H. WILLIAMS and DREW J. STARBUCK, | |
| 15 | |
| 16                    Defendants. | |

17

18

19

20

21  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

22          PLEASE TAKE NOTICE that Plaintiff Katya Alfonso ("Plaintiff"), individually and on

23  behalf of the Class moves this Court for an order granting preliminary approval of the proposed

24  class action settlement reached with defendants Williams & Associates d/b/a Williams Starbuck,

25  Donald H. Williams, and Drew J. Starbuck ("Defendants"), pursuant to Fed. R. Civ. P. Rule 23.

26  A copy of the proposed Class Action Settlement Agreement and Release, signed by all parties, is

27  submitted with Plaintiff's Motion as **Exhibit A**.

28

1    Pursuant to the Settlement Agreement, Plaintiff requests that the Court grant preliminary

2  approval of the Settlement Agreement and enter the proposed Preliminary Approval order, and

3  schedule the Final Approval hearing. This motion is based upon this notice, the accompanying

4  memorandum of points and authorities, the declarations and exhibits thereto, the First Amended

5  Complaint, the proposed settlement agreement and exhibits thereto, all other pleadings and papers

6  on file in this action, and upon such other evidence and arguments as may be presented at the

7  hearing on this matter.

8

9  DATED this 1st day of May 2023.

**KAZEROUNI LAW GROUP, APC**

10

11                                      By:    s/ Mona Amini
                                               Gustavo Ponce, Esq.
12                                             Nevada Bar No. 15084
                                               Mona Amini, Esq.
13                                             Nevada Bar No. 15381
                                               6787 W. Tropicana Ave., Suite 250
14                                             Las Vegas, Nevada 89103
                                               Telephone: (800) 400-6808
15                                             Facsimile: (800) 520-5523
                                               gustavo@kazlg.com
16                                             mona@kazlg.com
                                               *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND CERTIFICATION OF SETTLEMENT CLASS

**TABLE OF CONTENTS**

I.    INTRODUCTION .......................................................................................................... 1

II.   PLAINTIFF'S ALLEGATIONS AND THE PROCEDURAL HISTORY ..................... 2

III.  THE SETTLEMENT .................................................................................................... 4

    A.   The Settlement Class .......................................................................................... 4

    B.   Settlement Relief ................................................................................................ 4

     1. Remaining Settlement Funds………………………………………………………5

    C.   Notice to Settlement Class Members ................................................................. 5

       1.   Direct Mail Notice and Supplemental Email Notice .............................. 6

       2.   Settlement Website and Toll-Free Phone Number ................................. 7

    D.   Opportunity to Request Exclusion From the Settlement .................................... 7

    E.   Opportunity to Object to the Settlement ............................................................ 7

    F.   Reasonable Scope of Release ............................................................................. 8

    G.   Termination of Agreement ................................................................................. 8

    H.   Payment of Notice and Administrative Costs .................................................... 9

    I.   Class Representative's Application for Incentive Award .................................... 9

    J.   Class Counsel's Application of Attorneys' Fees and Costs................................ 9

IV.   THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS FOR
PURPOSES OF IMPLEMENTING THE SETTLEMENT .................................................. 10

    A.   Numerosity....................................................................................................... 10

    B.   Commonality.................................................................................................... 10

    C.   Typicality ......................................................................................................... 11

    D.   Adequacy of Representation ............................................................................ 12

    E.   Common Questions Sufficiently Predominate................................................. 12

    F.   Superiority of Class Action ............................................................................. 13

V. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT .... 14

    A.   Standard for Preliminary Approval of Class Action Settlement....................... 14

       1.   Public Policy Favors Settlement ........................................................... 14

       2.   Conclusions of Fact and Law Required at This Stage ........................... 15

       3.   Counsels' Judgment Should Hold Considerable Weight....................... 15

    B.   The Settlement Agreement is Entitled to a Presumption of Fairness ............... 15

       1.   Settlement was reached through arm's length negotiations................... 15

       2.   Investigation and discovery are sufficient to allow counsel and the Court to act
intelligently ...................................................................................................... 16

       3.   Counsel is experienced in similar litigation ......................................... 16

    C.   The Settlement is Within the Range of Reasonableness................................... 17

       1.   The strength of Plaintiff's case ............................................................. 17

       2.   The risk, expense, complexity, and likely duration of further litigation, including the risks
of obtaining and maintaining class action status.............................................. 18

       3.   The benefits conferred by the proposed Settlement .............................. 18

       4.   The experience and views of counsel .................................................... 19

       5.   The anticipated reaction of Settlement Class Members......................... 19

       6.   The proposed notice plan is appropriate and adequate .......................... 20

       7.   Appointment of Class Representative and Class Counsel...................... 21

       8.   Simpluris should be appointed as Settlement Administrator ................. 21

       9.   The Final Approval Hearing should be scheduled................................. 22

V.    CONCLUSION........................................................................................................... 22

# TABLE OF AUTHORITIES

<u>Cases</u>

*Acosta v. Patenaude & Felix*,
   No. 19-cv-954-CAB-BGS, 2020 U.S. Dist. LEXIS 165852 (S.D. Cal. Sep. 10, 2020) ............... 19

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................................................................ 10

*Andersen v. Briad Rest. Grp., LLC*,
   No. 2:14-cv-00786-GMN-BNW, 2022 U.S. Dist. LEXIS 10410 (D. Nev. Jan. 19, 2022) ........... 6

*Ballard v. Equifax Check Services, Inc.*,
   186 F.R.D. 589 (E.D. Cal. 1999) ........................................................................................ 12

*Barrett v. Wesley Fin. Grp., LLC*,
   2015 U.S. Dist. LEXIS 189410 (S.D. Cal. 2015) ................................................................... 14

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ..................................................................................... 15

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp*
   917 F.2d 1171 (9th Cir. 1990) ............................................................................................. 11

*Capps v. Law Offices of Peter W. Singer*,
   No. 15-cv-02410-BAS(NLS), 2016 U.S. Dist. LEXIS 161137 (S.D. Cal. Nov. 21, 2016) .......... 19

*Dunk v. Ford Motor Co.*
   48 Cal. App. 4th 1794 (1996) ............................................................................................. 15

*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ............................................................................................. 11

*Feist v. Petco Animal Supplies, Inc.*,
   No. 3:16-cv-01369-H-MSB, 2018 U.S. Dist. LEXIS 197186 (S.D. Cal. Nov. 16, 2018) ............. 10

*Franklin v. Kaypro Corp.*,
   884 F.2d 1222 (9th Cir. 1989) ............................................................................................. 14

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. Cal. 1998) .......................................................................... 10, 11, 15, 17

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F.2d 909 (9th Cir. 1964) ............................................................................................. 10

*Hunt v. Check Recovery Sys., Inc.*,
   241 F.R.D. 505 (N.D. Cal. Mar. 20, 2007) ........................................................................... 13

*In re Chicken Antitrust Litig.*,
   560 F. Supp. 957 (N.D. Cal. 1980) ..................................................................................... 16

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ............................................................................................. 17

*In re Nexus 6P Prods. Liab. Litig.*,
   No. 17-cv-02185-BLF, 2019 U.S. Dist. LEXIS 197733 (N.D. Cal. Nov. 12, 2019) ...................... 9

*In re Pac Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) .......................................................................................... 16, 19

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
   163 F.R.D. 200 (S.D.N.Y. 1995) ........................................................................................ 15

*In re Wireless Facilities, Inc. Sec. Litig. II*,
   253 F.R.D. 607 (S.D. Cal. 2008) .............................................................................. 10, 12, 15, 17

*Keele v. Wexler*,
   149 F. 3d 589 (7th Cir. 1998) ...................................................................................... 12, 13

*Kirkorian v. Borelli,*
  695 F. Supp. 446 (N.D. Cal. 1988) .................................................................................. 15

*Linney v. Cellular Alaska P'ship,*
  151 F.3d 1234 (9th Cir. 1998)........................................................................................... 18

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
  244 F.3d 1152 (9th Cir. 2001) ..................................................................................... 12, 13

*Magallon v. Vital Recovery Servs., LLC,*
  No. 16cv02971 JAH-BLM, 2018 U.S. Dist. LEXIS 42943 (S.D. Cal. Mar. 14, 2018) .... 12, 13, 14

*Mahon v. Credit Bureau of Placer County, Inc.,*
  171 F.3d 1197 (9th Cir. 1999) ........................................................................................ 13

*Medeiros v. HSBC Card Servs.,*
  No. CV 15-09093 JVS (AFMx), 2017 U.S. Dist. LEXIS 178484 (C.D. Cal. Oct. 23, 2017) ........... 19

*Medeiros v. HSBC Card Servs.,*
  No. CV 15-09093 JVS (AFMx)) 2017 U.S. Dist. LEXIS 178484 (C.D. Cal. Oct. 23, 2017) ........... 19

*Morey v. Louis Vuitton N. Am., Inc.,*
  2014 U.S. Dist. LEXIS 3331 (S.D. Cal. Jan. 9, 2014) ....................................................... 6

*Mullane v. Central Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950)......................................................................................................... 20

*Nat' Rural Telecoms Corp. v. DirectTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004)................................................................................. 17, 19

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.,*
  221 F.R.D. 523 (C.D. Cal. 2004)................................................................................. 15, 16

*Officers for Justice v. Civil Serv. Comm'n of the City and City of San Francisco,*
  688 F.2d 615 (9th Cir. 1982) ...................................................................................... 15, 17

*Parsons v. Ryan,*
  754 F.3d 657 (9th Cir. 2014) ........................................................................................... 11

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.,*
  323 F. Supp. 364 (E.D. Pa. 1970) .................................................................................... 15

*Romero v. Producers Dairy Foods, Inc.,*
  235 F.R.D. 474 (E.D. Cal. 2006) ....................................................................................... 6

*Schmidt v. Red Rock Fin. Servs., Ltd. Liab. Co.,*
  No. 2:12-cv-01773-JCM-PAL, 2013 U.S. Dist. LEXIS 149594 (D. Nev. Oct. 15, 2013) ........... 6

*Silber v. Mabon,*
  18 F.3d 1449 (9th Cir. 1994) ........................................................................................... 20

*Sledge v. Sands,*
  182 F.R.D. 255 (N.D. Ill. 1998) ....................................................................................... 13

*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) ........................................................................................ 9, 12

*Terran v. Kaplan,*
  109 F.3d 1428 (9th Cir. 1997) ......................................................................................... 11

*Torrisi v. Tucson Elec. Power Co.,*
  8 F.3d 1370 (9th Cir. 1993) ............................................................................................. 17

*Valentino v. Carter-Wallace,*
  97 F.3d 1227 (9th Cir. 1996) ........................................................................................... 13

*Van Bronkhorst v. Safeco Corp.*
  529 F.2d 943 (9th Cir. 1976) ........................................................................................... 14

*Vasquez v. Coast Valley Roofing, Inc.,*
  266 F.R.D. 482 (E.D. Cal. 2010).................................................................................. 17, 18

*Wahl v. Yahoo! Inc.*,
　No. 17-cv-02745-BLF, 2018 U.S. Dist. LEXIS 195287 (N.D. Cal. Nov. 15, 2018)................ 9, 10
*Wal-Mart Stores, Inc. v. Dukes*,
　131 S. Ct. 2541 (2011)................................................................................................ 10
*West Va. v. Chas. Pfizer & Co.*,
　440 F.2d 1079 (2d Cir. 1971)....................................................................................... 15
*Zincser v. Accufix Research Institute, Inc.*,
　253 F.3d 1188 (9th Cir. 2001) amended, 273 F.3d 1266 (9th Cir. 2001) ...................................... 12


Other Authorities

4 Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and
　Supp. 2004)........................................................................................................... 14
Fed. Judicial Ctr., Manual for Complex Litigation ("Manual"), § 21.633 ...................................... 10
Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and
　Supp. 2004)........................................................................................................... 14
https://www.mpbf.com/practice/litigation/. ................................................................... 16
Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ........................................... 14
Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ("Manual") § 21.632 ............ 14


Rules

Fed. R. Civ. P. 23 ........................................................................................... passim


Statutes

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ......................................... passim

KAZEROUNI
LAW GROUP, APC

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND CERTIFICATION OF SETTLEMENT CLASS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

## I. INTRODUCTION

Plaintiff Katya Alfonso ("Plaintiff") submits the instant unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Settlement") in this action (the "Action"). The motion is unopposed by Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck ("Defendants"). The terms of the Settlement are set forth in the attached Settlement Agreement ("Agr.")[1], filed as **Exhibit A** to the Declaration of Mona Amini ("Amini Decl.").

This consumer class action arises form Plaintiff's allegations that Defendants unlawfully and attempted to collect alleged debts due from Plaintiff and other similarly situated consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA). Plaintiff's operative complaint (the First Amended Complaint or "FAC") alleges, among other things, that Defendants are debt collectors that unlawfully attempted to collect an alleged debt by sending Plaintiff and Class Members communications which failed to include certain required disclosures in violation of the FDCPA. Defendants deny the alleged wrongdoing and have asserted defenses to Plaintiff's FAC.

After extensive investigation and evaluation of the facts and law concerning the claims asserted in the Action and good faith and arm's length settlement negotiations facilitated by a mediator, Hon. Elizabeth Gonzalez (Ret.) of Advanced Resolution Management, the parties arrived at a settlement and compromise of disputed claims. The Agreement provides meaningful relief to the Settlement Class Members. *See* Agr. § 5.1-5.3. Specifically, under the Agreement, Defendants have agreed to provide a Settlement Award consisting of a cash payment of up to $750.00 to each of the 81 Settlement Class Members. *Id.* In return for such recovery, including a payment of an Incentive Award to Plaintiff, and reasonable attorneys' fees and costs to Plaintiff's counsel (*see id.*

---

[1] Unless otherwise specified, defined terms used in this memorandum are intended to have the meaning ascribed to those terms in the Settlement Agreement.

at §§ 6.1-6.3) to be paid by Defendant along with the cost of Settlement Administration outside the Settlement Fund, Plaintiff and all Settlement Class Members who do not timely exclude themselves from the Settlement will release and discharge Defendants and other Related Parties from the Released Claims (*Id.* at §§ 16.1-16.2).

While Plaintiff is confident of a favorable determination on the merits, Plaintiff believes it is desirable to compromise, settle, and forever bar the Action to eliminate the further risk and expense of litigation, including the filing of a motion for class certification, Plaintiff agrees that the Settlement provides substantial settlement benefits to the Settlement Class Members. Agr. §§ 5.1-5.2. Defendants denies liability but has also determined it is desirable to settle this Action to avoid further expense, inconvenience, and inherent risk of continued litigation. *Id.* at §§ 20.12.

Accordingly, Plaintiff moves for an order: (1) certifying the class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving the proposed Settlement; (3) appointing Plaintiff, Katya Alfonso, as Class Representative; (4) appointing Mona Amini, Esq. and Gustavo Ponce, Esq. of Kazerouni Law Group, APC as Class Counsel; (5) appointing Simpluris, Inc. as the Settlement Administrator; (6) approving and directing dissemination of the Notice to Settlement Class Members; and (7) scheduling a Final Approval Hearing.

## II. PLAINTIFF'S ALLEGATIONS AND THE PROCEDURAL HISTORY

Sometime prior to August of 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Republic Silver State Disposal, Inc. d/b/a Republic Services ("Republic") primarily for personal, family or household purposes, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt"). FAC ¶ 14. Sometime after incurring this Debt, Plaintiff allegedly defaulted on the alleged Debt and sometime thereafter, Defendants were assigned or transferred the Debt and proceeded to engage in collection activities in attempts to collect the alleged Debt from Plaintiff. *Id.* at ¶ 15. Defendants are each a "debt collector" as that term is defined by the FDCPA. Defendants attempted to collect a debt from Plaintiff during their first communication but failed to meet the 15 U.S.C. §§ 1692g(a) and e(11) notice requirements. *Id.* at ¶¶ 18-19.

Specifically, Defendants sent Plaintiff an initial communication via email on May 10, 2021 attempting to collect the debt. *Id.* at ¶¶ 16-17. This May 10, 2021 email failed to include a notice containing:

> "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;"
> "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector;" and
> "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different form the current creditor."

This May 10, 2021 email was Defendants' first written correspondence with Plaintiff. *Id.* at ¶ 18. Defendants did not provide Plaintiff a subsequent written notice within five days after the initial communication containing this information. Additionally, Defendants' May 10, 2021 email failed to inform Plaintiff that the email was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt.

On May 2, 2022, the Parties filed a Joint Discovery Plan indicating that they intended to schedule an early mediation session to explore potential resolutions and proposed a discovery plan and scheduling order that would allow them the necessary time to complete mediation (Dkt. No. 13). On August 23, 2022, the Parties engaged in a private mediation session with a well-respected third-party neutral mediator, Hon. Elizabeth Gonzalez (Ret.), and through arm's length negotiations with the assistance of the mediator, reached an agreement in principle to settle the Action on a class-wide basis. The parties have since continued to negotiate the details of the Settlement Agreement and now submit the Settlement for the Court's consideration with the instant Motion for Preliminary Approval.

### III. THE SETTLEMENT

#### A.  THE SETTLEMENT CLASS

The Settlement Class members include: All individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022. The Settlement Class consists of approximately 81 persons. Agr. § 2.4. Excluded from the Class are the Judge whom the Action is assigned, any member of the Court's staff and immediate family, and all persons who are validly excluded from the Class. *Id.*

#### B.  SETTLEMENT RELIEF

Defendants have agreed to pay Settlement Class members (who do not validly exclude themselves from the Settlement) each a Cash Settlement Payment up to $750, in the total amount of $60,750.00 (i.e. the "Settlement Fund"). *Id.* at §§ 2.31, 5.1, 5.2, 10.1. Defendants have agreed to have the Settlement Fund deposited with the Settlement Administrator with thirty (30) days of the Effective Date.[2] Within fourteen (14) calendar days after the entry of the Preliminary Approval order, or earlier if possible, the Settlement Administrator with provide notice to the most recent mailing address for the list of the members of the Class (provided by Defendants), which shall contain a claim ID. Within fourteen (14) days after the Opt-Out Deadline (which is seventy-five (75) days after the Court's entry of any Preliminary Approval Order), the Settlement Administrator will notify both Class Counsel and Defendants in writing the amount necessary to fund payments to the Class Members that have not requested exclusion from the Class. *Id.* at § 11.1. Within forty-five days of the Effective Date, the Settlement Administrator will send by first class mail a check in the amount of $750 to each eligible Class Member (Class Members who have not submitted a valid and timely Opt-Out Request).[3] *Id.*

---

[2] The "Effective Date" means the fifth business day after the last of the following dates: (A) The Parties and their Counsel have executed this agreement; (B) The Court has entered the Final Approval order; and (c) The applicable time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed by the appellate court to which such appeals have been taken and such affirmances are no longer subject to further appeal or review. *Id.* at § 2.14.

[3] Checks will be valid for one-hundred twenty (120) days from the date on the check. Id.

4

**1. Remaining Settlement Funds**

If the Effective Date occurs and payments are distributed from the Settlement Fund to the Class members, any money remaining in the Settlement Fund that has not been distributed following the expiration of checks (which shall be issued and valid for one-hundred twenty (120) days from the date on the check pursuant to Agr. § 11.1), or any money in the Settlement Fund that has not otherwise been distributed shall be paid to a *cy pres* recipient. Agr. §11.2. With the approval of the Court, the parties have agreed for the *cy pres* recipient to be to Legal Aid Center of Southern Nevada. *Id.* No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendants. *Id.*

C. NOTICE TO SETTLEMENT CLASS MEMBERS

When "a class is certified under Rule 23(b)(3) for purposes of settlement, the Federal Rules require that the district court 'direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Id.* citing Fed. R. Civ. P. 23(c)(2)(B). Here, notice will be given to Settlement Class Members in multiple ways to best ensure notice is provided in a reasonable and practical manner. In particular, notice will be provided: (1) by direct U.S. mail for Settlement Class Members in which Defendants has a mailing address for in substantially the same form as **Exhibit 2** which is attached to the Settlement Agreement [*see* Agr. § 9.2]; and (2) supplemental notice via email (obtained Defendants to the extent Defendants are in possession of such contact information, otherwise emails will be obtained through commercially or publicly available "reverse lookup" sources. If the Settlement Administrator is unable to find a valid email address via reverse look up, the Settlement Administrator will check a national database for a better email and/or mailing address), in the event that any U.S. Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered [*id.*]; and (3) by a copy of notice on the Settlement Website [*id.* at § 2.33].

Each form of notice shall provide a summary (or a link to a summary) of the important details regarding the Settlement, including deadlines and instruction on how to opt out or object. *See* Exhibit 2; Agr. § 12.1. The proposed Settlement Administrator is Simpluris (*see id.* at § 2.29), which is an independent, third-party settlement claims administrator. To facilitate the Notice, Defendants shall provide the Settlement Administrator with the Class List containing names and

mailing and/or e-mail addresses for persons in the Class for whom Defendants have such information. Agr. at §§ 9.1-9.2.

### 1. <u>Direct Mail Notice and Supplemental Email Notice</u>

The Settlement Administrator, shall, within fourteen (14) calendar days after the entry of the Preliminary Approval Order, or earlier, if possible, provide Notice to Settlement Class Members informing them of the proposed settlement and their entitlement to the Cash Settlement Payment and ability to submit an Exclusion Request (the "Notice"). Specifically, the Settlement Administrator will provide Notice to Settlement Class Members initially via U.S. Mail in substantially the same form as that attached as **<u>Exhibit 2</u>** to identifiable Settlement Class Members for whom Defendants has a mailing address. However, if any U.S. Mail Notices are returned as undeliverable, a summary Notice will be sent via email also in substantially the same form as that attached as Exhibit 2. Email addresses will be obtained from Defendants to the extent Defendants is in possession of such contact information, otherwise emails will be obtained by the Settlement Administrator through commercially or publicly available "reverse lookup" sources. If the Settlement Administrator is unable to find a valid email address via a reverse look up, the Settlement Administrator will check a national database for a better email and/or mailing address. *See* Agr. at § 9.2.

This notice plan satisfies Due Process for this settlement. *See Schmidt v. Red Rock Fin. Servs., Ltd. Liab. Co.*, No. 2:12-cv-01773-JCM-PAL, 2013 U.S. Dist. LEXIS 149594 (D. Nev. Oct. 15, 2013) (approving a settlement where notice was directly mailed to the class members); *see also Andersen v. Briad Rest. Grp., LLC*, No. 2:14-cv-00786-GMN-BNW, 2022 U.S. Dist. LEXIS 10410 (D. Nev. Jan. 19, 2022) (approving a settlement where notice was to be mailed via first-class regular U.S. Mail, stating, "because mail delivery is an appropriate form of delivery, the Court finds the method of notice is sufficient."); *Romero v. Producers Dairy Foods, Inc*., 235 F.R.D. 474, 492-493 (E.D. Cal. 2006) ("First class mail is ordinarily sufficient to notify class members who have been identified"); *Morey v. Louis Vuitton N. Am., Inc*., 2014 U.S. Dist. LEXIS 3331, at *7 (S.D. Cal. Jan. 9, 2014) (approving settlement with notice provided by email / mail, publication and website to approximately 327,718 class members); *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2019 U.S. Dist. LEXIS 89246, at *9 (S.D. Cal. May 28, 2019) (finally approving settlement where notice was provided by email or mail (as available), and long form notice on the settlement website). Thus, the proposed notice to the Settlement Class Members is reasonable and appropriate and should be preliminarily approved.

## 2.  Settlement Website and Toll-Free Phone Number

There will be a Settlement Website set up by the Settlement Administrator, which shall permit Settlement Class Members to access pertinent papers relating to the Action. The Settlement Website will contain, among other things, a copy of the operative complaint, the Agreement, and a copy of the Notice, in a form substantially similar to **Exhibit 2**.

### D.  OPPORTUNITY TO REQUEST EXCLUSION FROM THE SETTLEMENT

Any member of the Settlement Class may request exclusion from the Settlement Class by sending a written request to the Settlement Administrator and Class Counsel at the address designated in the Class Notice, to be postmarked no later than the Opt-Out and Objection Deadline (the seventy-fifth (75th) day after the date of entry of the Preliminary Approval Order). Agr. § 12.1. Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Alfonso FDCPA class action," indicating the Class Member wishes to be excluded from the Settlement Class. *Id.*

Except for those Class Members who have properly and requested exclusion by submitting a timely Opt-Out Request, all Settlement Class Members will be bound by this Settlement Agreement and the Final Judgment to be entered following the hearing for Final Approval of the Settlement Agreement. Agr. §§ 12.1, 13.1(E). The Settlement Administrator shall provide periodic reporting to the Parties regarding the numbers of Exclusion Requests submitted.

### E.  OPPORTUNITY TO OBJECT TO THE SETTLEMENT

Class Members will have the opportunity to object to the Settlement's terms. The deadline for doing so is at no later than seventy-five (75) days after the date of entry of the Preliminary Approval Order, unless otherwise ordered by the Court. Agr. at § 12.4. To object to the Settlement, a Settlement Class Member must mail a copy of the objection to both Class Counsel and Defendants' Counsel. *Id*. at § 12.5. An objection must include: (A) documents establishing or information sufficient to allow the parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and state whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel; (B) a statement of the Class Member's specific objections to the Settlement; and (3) the grounds for objection and attach any documents supporting the objection. *Id.*

A Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. Agr. § 12.6. A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty-one (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for the Parties (i.e., Class Counsel and Defendants' Counsel). *Id*. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objector and/or the objector's counsel will present to the hearing. *Id*. Any Class Member who does not file and serve a timely written objection to the settlement and notice if intention to appear shall be foreclosed from seeking review of the Settlement by appeal or otherwise and shall waive and forfeit all right to appear separately and/or to object and shall be bound to all the terms of the Agreement, and by all proceedings, orders, and judgments in the litigation. *Id*. at § 12.6-12.7.

## F.  REASONABLE SCOPE OF RELEASE

In exchange for the relief described above, Class Members (other than those who validly exclude themselves from the Settlement), will be deemed to have fully released and forever discharge the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, which arose prior to the Effective Date, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising from, related to, or connected with the Action, the FDCPA or any collection notices or communications, directed by Defendants to the Class Members during the Class Period ("Released Claims"). Agr. § 16.1. Thus, the scope of the release is appropriately tailored.

## G.  TERMINATION OF AGREEMENT

The Parties' shall each have the right to unilaterally terminate the Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties with ten (10) calendar days of any of the following occurrences: (1) the Court reject, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement; (2) an appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change

8

by the Court on remand; or (3) the Effective Date does not occur. *Id.* § 17.1. However, the Settlement is <u>not</u> contingent upon whether the Court awards Class Counsel attorneys' fees, costs, and expenses or Plaintiff's requested Incentive Award. *Id.* § 6.3.  Defendants have agreed not to oppose any motion for Class Counsel's attorney's fees and costs so long as such motion does not seek an award greater than $72,500.00. *Id.* § 6.1. In the event the Court denies the attorneys' fees/costs request or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties. *Id.* § 6.3.

### H.  PAYMENT OF NOTICE AND ADMINISTRATIVE COSTS

The Agreement provides that all Administration Costs, including but not limited to costs of printing and providing notice to Class Members, the costs associated with creating and maintaining a Settlement Website, and costs for Mail Notice, and any different or additional notice that might be ordered by the Court, shall be paid by Defendants to the Settlement Administrator separate and apart from the Settlement Fund. Agr. §§ 5.3, 11.3. The amount Defendants shall pay for Claims Administration Costs shall not exceed $10,000.00. *Id.* § 5.3.

### I.  CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD

The Agreement contemplates that Class Counsel will request an Incentive Award to be paid by Defendants to the named Plaintiff in an amount not to exceed $4,000 for the time and effort she has personally invested in this Action as the Class Representative. Agr. § 6.2. Court approval of the Incentive Award is not a condition of the Settlement, and Defendants will not oppose or object to an incentive award that does not exceed $4,000. *Id.* Such an Incentive Award is reasonable and appropriate given the time Plaintiff has expended assisting with the prosecution of this case since its inception (*see* Declaration of Katya Alfonso ("Alfonso Decl.") at ¶¶ 8-9, 11). *See Staton v. Boeing Co.*, 327 F.3d 938, 976 (9th Cir. 2003) (noting service awards range from $2,000 to $5,000); *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2019 U.S. Dist. LEXIS 197733, at *41-43 (N.D. Cal. Nov. 12, 2019) (noting that "[i]ncentive awards typically range from $2,000 to $10,000. [citation omitted].").

### J.  CLASS COUNSEL'S APPLICATION OF ATTORNEYS' FEES AND COSTS

The Agreement contemplates and permits Class Counsel to apply to the Court for an award of attorneys' fees and costs to be paid by Defendant. Agr. § 6.1. Class Counsel will file a motion requesting an award of attorney's fees and costs at least thirty (30) days prior to the Court's Final Approval Hearing. *Id.* Defendants have agreed not to oppose Class Counsel's motion for attorney's fees and costs so long as such motion does not seek an award greater than $72,500.00. *Id*; *see e.g.*,

9

KAZEROUNI
LAW GROUP, APC

*Feist v. Petco Animal Supplies, Inc*., No. 3:16-cv-01369-H-MSB, 2018 U.S. Dist. LEXIS 197186, at *20 (S.D. Cal. Nov. 16, 2018) (awarding $300,000 in attorney's fees and $12,875.69 in litigation expenses where the class counsel "took this case on a contingent fee basis, bearing the entire risk and cost of litigation"); *Wahl v. Yahoo! Inc.*, No. 17-cv-02745-BLF, 2018 U.S. Dist. LEXIS 195287, at *20 (N.D. Cal. Nov. 15, 2018) (awarding $285,313.66 in attorneys' fees and $14,686.34 in costs).

## IV. THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS FOR PURPOSES OF IMPLEMENTING THE SETTLEMENT

"Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008). Like any other class certification decision, certification of a class for settlement purposes requires a determination that the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b) are met. *Id*. This Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

### A. NUMEROSITY

While there is no set number required as a matter of law for the maintenance of the class action, class certification under Rule 23(a)(1) is appropriate where a class is so "numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23; *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. Cal. 1998). "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Here, numerosity is satisfied. Based upon Defendant's own records, the Parties agree that there are 81 Settlement Class Members. Amini Decl. ¶ 12; Agr. § 2.4. Litigating 81 separate claims would be economically and judicially impracticable because the claims are similar (if not identical) and the recovery minimal. Thus, the potential members of the Class are sufficiently numerous that joinder of all the members of the Class is impracticable.

### B. COMMONALITY

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2); *see also Hanlon*, 150 F.3d at 1019; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). This means that the class members' claims "must depend on a common contention . . . of such a nature that it is capable of classwide resolution – which means

KAZEROUNI
LAW GROUP, APC

that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* This requirement is also satisfied here.

There are several questions of law and fact common to Plaintiff and to the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to, the following: (1) whether Defendants' claim of bona fide error provides a defense to Defendants' standard practice of sending initial communications to consumers that fail to provide the notice requirement of §§ g(b) and e(11) of the FDCPA; (2) whether Plaintiff and the Class can recover statutory damages under the FDCPA as a result of Defendants' wrongdoing; and (3) whether the initial communication Defendants sent to 81 alleged debtors violates 15 U.S.C. § 1692g under the "least sophisticated" debtor standard because Defendants failed to include a notice to the alleged debtors of their rights under the FDCPA. Notably, these legal questions are viewed from the objective standard of the "least sophisticated debtor" and do not rely on Plaintiff's or any individual member's level of sophistication. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997). Therefore, commonality is established.

**C. TYPICALITY**

Courts consistently find that the typicality prerequisite is met if the claims arise from a common course of conduct, though "they need not be substantially identical." *Hanlon,* 150 F.3d at 1020; *see also Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014); *see also Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.* 917 F.2d 1171, 1175 (9th Cir. 1990) (citation omitted), *amended* 937 F.2d 465 (9th Cir. 1991) (holding that typicality is shown where claims "share common issue of law or fact . . . and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'"). In this case, Plaintiff's claims are typical of the claims of the Settlement Class Members, as they arise from a nearly identical factual basis because Defendant's standardized conduct gave rise to the FDCPA claims. Plaintiff, like members of the proposed Class, received an initial communication in an attempt to recover sums due between February 28, 2021, and February, 28, 2022 from Defendants which allegedly failed to include the §§ g(b) and e(11) notice requirements of the FDCPA. FAC, ¶¶ 18-19. The only differences between the initial communication Defendants sent to Plaintiff and Class members is the date of the communication, and the the debtor's name, address, email address, and account number.

Plaintiff is therefore advancing the same claims and legal theories on behalf of herself and the Settlement Class. Defendants have no defenses unique to Plaintiff. Plaintiff's claims are thereby

representative of, and reasonably co-extensive with, the claims of the Settlement Class during the Settlement Class Period. Thus, typicality is met. *See Magallon v. Vital Recovery Servs.,* LLC, No. 16cv02971 JAH-BLM, 2018 U.S. Dist. LEXIS 42943, at *9 (S.D. Cal. Mar. 14, 2018) ("Because Plaintiff alleges each class member received the same letter he received which he alleges violated the FDCPA and the Rosenthal FDCPA, the Court finds Plaintiff meets this [typicality] requirement.").

### D.  ADEQUACY OF REPRESENTATION

Adequacy of representation is met when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To adequately protect the interest of the class, the named plaintiff and his counsel must: (1) not have any conflicts of interest with other class members, and (2) prosecute the action vigorously on behalf of the class. *Id.*; *see also In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton*, 327 F.3d at 958).

Here, Plaintiff is a member of the Settlement Class, and does not have any conflicts of interest with other Settlement Class Members. Amini Decl., ¶ 20. Plaintiff also has no known conflicts of interest with her counsel. Alfonso Decl., ¶ 5. Counsel representing Plaintiff are competent and experienced in litigating consumer class actions, including class actions for violations of the FDCPA. *See* Amini Decl., ¶¶ 22-30. Plaintiff and her counsel have also been vigorously litigating this matter since its inception. *Id*. ¶¶ 5-6. The parties also engaged in a full day of arm's length negotiations of the Settlement at the parties' mediation session. *Id*. ¶ 9. Therefore, Plaintiff and Class Counsel will adequately represent the Settlement Class.

### E.  COMMON QUESTIONS SUFFICIENTLY PREDOMINATE

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1162 (9th Cir. 2001). Central to this question is "the notion that the adjudication of common issues will help achieve judicial economy." *Zincser v. Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F. 3d 1266 (9th Cir. 2001). In actions brought under the FDCPA, a common nucleus of operative fact is "typically" found where, as here, "defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents." *Ballard v. Equifax Check Services, Inc*., 186 F.R.D. 589, 595 (E.D. Cal. 1999) (quoting *Keele v.*

*Wexler*, 149 F. 3d 589, 594 (7th Cir. 1998)).

Here, Defendant's "standardized conduct" (sending initial communications to Plaintiff and the Class to attempt to collect upon a consumer debt without the notice requirements of the FDCPA §§ g(b) and e(11)) in which the FDCPA violations are premised, predominates over any questions affecting individual members. Therefore, the Court should certify the Class for settlement purposes because common questions predominate. *See Magallon*, 2018 U.S. Dist. LEXIS 42943, at *15 (finding predominance was met in an FDCPA class action where defendant sent the same violative collection letter to plaintiff and class members); *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (defendant's conduct of mailing a collection communication alone, without receipt by the consumer, is sufficient to establish liability).

## F. SUPERIORITY OF CLASS ACTION

Resolution of the dispute under the class action mechanism of redress for settlement purposes makes sense because it is superior to all other available means for the fair and efficient adjudication of this controversy involving persons who received an initial communication from Defendants which failed to include the notice requirements of the FDCPA §§ g(b) and e(11). *See Culinary/Bartenders Trust Fund*, 244 F.3d at 1163 (finding that "if a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied."); *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("[A] class action is a superior method for managing litigation if no realistic alternative exists."). Importantly, individual consumers are typically unaware of their rights under the FDCPA, therefore the use of the class action mechanism to enforce compliance with consumer protection statutes should be encouraged. *See, e.g., Hunt v. Check Recovery Sys., Inc*., 241 F.R.D. 505, 514-15 (N.D. Cal. Mar. 20, 2007).

Here, the 81 other Settlement Class Members are likely unaware that the FDCPA requires that a debt collector include certain notices in their initial communication. *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998) ("Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits."). Accordingly, the class action vehicle is the best avenue to protect the least sophisticated debtors. Individualized litigation would also cause significant delay, expense, and an overwhelming waste of already limited judicial resources by the actions brought by hundreds of individual consumers. The damages suffered by individual Settlement Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation.

*See, e.g., Barrett v. Wesley Fin. Grp., LLC*, 2015 U.S. Dist. LEXIS 189410, at \*19 (S.D. Cal. 2015) (finding that a potential award of $500 is insufficient to motivate a consumer to pursue a TCPA claim).

By contrast, the class action device presents fewer management difficulties for the Settlement Class and provides the benefits of single adjudication and comprehensive supervision by a single court, resolving the claims against Defendants, and providing vindication to the class members who were not aware of having claims against Defendants resulting from their failure to include the notices required by §§ g(b) and e(11) of the FDCPA. *See, e.g., Magallon*, 2018 U.S. Dist. LEXIS 42943, at \*18 (finding a "class action is superior in the case involving over one thousand recipients receiving the same collection letter from Defendant"). Thus, the superior requirement for settlement purposes is satisfied.

## V. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT

### A. STANDARD FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

A class action may not be dismissed, compromised or settled without the approval of the Court. Fed. R. Civ. Proc. 23(e). To preliminarily approve a class action settlement, the Court must simply determine whether the class settlement is within the "range of reasonableness," and hence whether disseminating notice to the class and scheduling a formal fairness hearing are merited. *See* Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp. 2004). The Court is not required to make an in-depth and final determination that a settlement is fair, reasonable, and adequate; instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ("Manual") § 21.632.

#### 1. Public Policy Favors Settlement

There is an overriding public interest in settling class action lawsuits, and a strong judicial policy favoring such settlements. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (citing *Van Bronkhorst v. Safeco Corp.* 529 F.2d 943, 950 (9th Cir. 1976)). The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, expenses, and rigors of prolonged litigation. *Van Bronkhorst*, 529 F.2d at 950. Accordingly, courts should exercise their discretion to approve settlements "in

recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

### 2. Conclusions of Fact and Law Required at This Stage

At the preliminary approval stage, the Court need not reach any ultimate conclusions on the issues of fact and law, which underlie the merits of the dispute (*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971)), and need not engage in a trial on the merits (*Officers for Justice v. Civil Serv. Comm'n of the City and City of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982)). Preliminary approval is simply a prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

### 3. Counsels' Judgment Should Hold Considerable Weight

Although the decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge" (*see Hanlon*, 150 F.3d at 1026), the opinion of experienced counsel supporting the settlement is entitled to hold considerable weight. *See, e.g.*, *Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Plaintiff has retained counsel skilled and experienced in handling consumer class actions like this action. Amini Decl., ¶¶ 22-30; Alfonso Decl. ¶ 6. Plaintiff's counsel believe that the settlement is a fair, reasonable, and adequate compromise that avoids the risks of further litigation and trial, while providing a significant monetary recovery to the Settlement Class. Amini Decl., ¶¶ 17-19.

### B. The Settlement Agreement is Entitled to a Presumption of Fairness

Generally, a presumption of fairness exists where: (1) the settlement is reached through arm's length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. *Dunk v. Ford Motor Co.* 48 Cal. App. 4th 1794, 1802 (1996). The proposed Settlement here satisfies the above three requirements, and it is unlikely that many objections would arise.

### 1. Settlement was reached through arm's length negotiations

A presumption of fairness exists where a settlement is reached through arm's-length

bargaining. *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008); *see also National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004); *In re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Cal. 1980). The Settlement in this case is the result of non-collusive, arm's length and informed negotiations over a period of months, conducted between Plaintiff's counsel and Defendant's counsel. In the lengthy negotiation process, each of the parties were represented by counsel, and a full-day in-person mediation was held with a respected third-party neutral, the Honorable Elizabeth "Betsy" Gonzalez (Ret.) of Advanced Resolution Management, who facilitated the resolution of the matter on terms amenable to both Parties following a full-day mediation session. Amini Decl., ¶¶ 8-9; Agr. § 1. There should be no doubt that the Settlement in this case is the result of serious, non-collusive, and informed mediation.

**2.**   **Investigation and discovery are sufficient to allow counsel and the Court to act intelligently**

The Parties diligently litigated this action since the action was commenced on February 3, 2022 (Dkt. No. 1). Subsequently, the Parties, through counsel, engaged in extensive informal discovery and an all-day private mediation session. During mediation, Defendants identified the total number of consumers who received the same email as Plaintiff, which allowed the parties to determine the class size. Defendants also confirmed during mediation that it has contact information for class members. Plaintiff and her counsel are therefore fully aware of the potential benefits and risks of this case and are confident that this Settlement is in the best interest of the Settlement Class Members. This includes being informed of the risks relating to ruling on class certification based on contested briefing.

The Parties are fully aware of the risks and benefits of continued litigation, and investigation and discovery are sufficient to allow counsel and the Court to act intelligently. *See* Agr. § 1.

**3.**   **Counsel is experienced in similar litigation**

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac Enters. Sec. Litig.,* 47 F.3d 373, 378 (9th Cir. 1995). Here, Class Counsel are qualified and highly experienced in litigating complex consumer class actions. *See* Amini Decl., ¶¶ 22-30. Given Class Counsel's extensive experience in litigating similar complex class action cases, Class Counsel are well positioned to assess the risks of continued litigation and benefits obtained by the settlement. Similarly,

16

Counsel for Defendants also has extensive experience handling complex litigation.[4] Defendant's attorneys have vigorously defended Defendants throughout this case and during mediation with Hon. Elizabeth Gonzalez (Ret.). Amini Decl., ¶¶ 8-9; *see e.g*., Dkt. No. 10. Counsel for each of the parties is fully aware of the potential benefits of settlement and substantial risks of proceeding with litigation and have determined settlement to be the in the best interest of the Class. *Vasquez v. Coast Valley Roofing, Inc*., 66 F.R.D. 482, 490 (E.D. Cal. 2010).

## C. THE SETTLEMENT IS WITHIN THE RANGE OF REASONABLENESS

In making the fairness determination for final approval purposes (i.e., not preliminary approval, like here), courts consider a number of factors, including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of the class members to the proposed settlement. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (quoting *Hanlon*, 150 F.3d at 1026). However, "[n]ot all factors will apply … [and], [u]under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telcoms. Coop. v. Directv, Inc.*, 2003 U.S. Dist. LEXIS 25375, at *6 (C.D. Cal. Jan. 5, 2003); *see, e.g., Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993). While the Court need not (and should not) at this stage determine whether the proposed settlement is fair and adequate for purposes of final approval, there is ample evidence that it falls well "within the range" of fairness and adequacy for preliminary approval.

### 1. The strength of Plaintiff's case

An important consideration is "the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Nat'l Rural Telecoms Corp. v. DirectTV, Inc.* 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted). However, "a proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class." *Id.; Officers for Justice,* 688 F.2d at 625 ("Neither the trial court nor [the appellate court] is to reach any ultimate conclusions on the contested issues of fact and law which underlie merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.").

---

[4] *See* https://www.wilsonelser.com/about; https://www.wilsonelser.com/about/recognition.

After investigations, discovery and mediation, Plaintiff and proposed Class Counsel believe they have a strong case for violations of the FDCPA that would likely prevail at trial. Defendants naturally dispute such allegations and believes it has a good chance of prevailing at trial. While each side believes in its respective case, the Parties agree that this settlement will help them avoid the great expense, inconvenience, and inherent risk involved in prolonged litigation. *See* Agr. at § 1. Without a settlement at this juncture, however, Defendants would continue to vigorously contest liability and damages (*see id.* at § 20.12). Defendants would also continue to challenge the proprietary of class certification outside of the settlement context. As such, the outcome of the case is by no means certain absent a settlement.

**2.   The risk, expense, complexity, and likely duration of further litigation, including the risks of obtaining and maintaining class action status**

Also considered "is the risk of continued litigation balanced against the certainty and immediacy of recovery from the settlement." *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 489 (E.D. Cal. 2010). Given the Parties' legal and factual positions, and ongoing litigation for over three years, continued litigation would be protracted, unduly burdensome, and expensive. Defendants would undoubtedly continue to vigorously defend the Action. *See* Agr. § 20.12. If litigation were to continue, Plaintiff would file a motion for class certification, and should Plaintiff prevail, the parties would likely submit motions for summary judgment, which could then lead to appellate practice, and/or preparation for trial. The Settlement avoids the delay of relief, as well as the risks and expense posed to both sides inherent with further litigation. Moreover, any decision on the merits is likely to be appealed, resulting in further delays, uncertainties, and great expense.  Thus, the Agreement avoids risks for both sides and is in the best interest of the Class.

**3.   The benefits conferred by the proposed Settlement**

The benefits conferred by the Settlement for Settlement Class Members are substantial and clearly outweigh the potential benefits and risks of proceeding with the class action. They include a substantial monetary payment now rather than waiting until after trial. Courts have stated that the fact that a proposed settlement may only amount to a fraction of the potential recovery does not mean that the proposed settlement should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

(9th Cir. 1998). Here, each Settlement Class Member is entitled to a $750 Cash Settlement Payment. The maximum statutory damages under the FDCPA is up to $1,000 (depending on whether the violation is proven to be willful). *See* 15 U.S.C. § 1692k(a)(1)-(2)(A) (FDCPA). The Settlement Award here of $750 per Settlement Class Member is an excellent result for the Settlement Class Members, as: (1) the value offered is a compromise of the maximum statutory damages each class member could receive in this matter, which would otherwise be highly contested and require vigorous litigation efforts, and (2) the value offered is substantially better when compared to other similarly approved settlements, some of which only offer a recovery of a few dollars.[5]

### 4. The experience and views of counsel

"Absent evidence of fraud or collusion, courts also should accord 'great weight' to the recommendations of counsel." *Medeiros v. HSBC Card Servs.*, No. CV 15-09093 JVS (AFMx), 2017 U.S. Dist. LEXIS 178484, at *16. (C.D. Cal. Oct. 23, 2017) (citation omitted). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Here, Class Counsel are qualified and highly experienced in litigating complex consumer class actions. *See* Amini Decl., ¶¶ 22-30. Given Class Counsel's extensive experience in litigating similar cases, they are well positioned to assess the risks of continued litigation and benefits obtained by the settlement. Class Counsel believes that this Settlement is in the best interest of Settlement Class Members given the risks and uncertainty of proceeding with expensive and protracted litigation. Amini Decl., ¶ 17.

### 5. The anticipated reaction of Settlement Class Members

Class Counsel are confident that the Settlement Class Members will be satisfied with the proposed Settlement. The Settlement Awards available to Class Members are a close to the maximum statutory damages possible in an action brought under the FDCPA, but without the risks, expense, and delay of further litigation and trial. Settlement Class Members will automatically receive a Settlement

---

[5] *Acosta v. Patenaude & Felix*, No. 19-cv-954-CAB-BGS, 2020 U.S. Dist. LEXIS 165852, at *13 (S.D. Cal. Sep. 10, 2020) (finally approving a $3 settlement payment to class members in a FDCPA case); *Capps v. Law Offices of Peter W. Singer*, No. 15-cv-02410-BAS(NLS), 2016 U.S. Dist. LEXIS 161137, at *21 (S.D. Cal. Nov. 21, 2016) (preliminarily approving a $66.70 payment to class members based off of an anticipated class size of 174 for an FDCPA and RFDCPA case).

Award of $750 unless they exclude themselves from the Class. Agr. at §§ 5.2, 11.1. Further, any dissenting Settlement Class Member will be permitted to object to the proposed settlement and be heard at the final approval hearing. *Id*. at § 12.4.  Consequently, the Court will have an opportunity to judge the class members' reaction to the settlement before granting final approval.

### 6.  **The proposed notice plan is appropriate and adequate**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)). Notice also is required to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Pursuant to the Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice must concisely and clearly state in plain: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

Here, direct notice will be provided to the Settlement Class Members through Mail Notice to the most recent mailing address provided by Defendants for the members of the Class (Agr. § 9.2) and a copy will be available on the Settlement Website. As the debt collector that previously sent email and/or mail communications and/or letters to the Settlement Class, Defendants have the names, mailing and/or e-mail addresses for the Settlement Class Members. Defendants will reasonably cooperate in the notice and administration process by providing the Class List to the Settlement Administrator and Class Counsel, on a confidential basis, which shall provide the names and mailing and/or e-mail addresses for the Class. Agr. § 9.1. Email addresses will be obtained from Defendants to the extent

Defendants are in possession of such contact information, otherwise emails will be obtained by the Settlement Administrator through commercially or publicly available "reverse lookup" sources. *Id*. § 9.2. If the Settlement Administrator is unable to find a valid email address via a reverse look up, the Settlement Administrator will check a national database for a better email and/or mailing address. *Id*. The Settlement Administrator will provide Notice to Settlement Class Members initially via U.S. Mail in substantially the same form as that attached as Exhibit 2 to the most recent mailing address from the list of members of the Class. *Id*. In the event that any Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered to a class member, a summary Notice will be sent via email in substantially the same form as that attached as Exhibit 2 to the Settlement Agreement. *Id*. Both the Mail Notices and summary Notice via e-mail meet the requirements of Rule 23(c)(2)(B)  as they will include information for the members of the Class regarding the nature of the Action, the Class definition, information about the Settlement Award available for the Settlement Class Members, as well as the time and manner to submit an Opt-Out Request to exclude themselves from the Settlement before the Opt-Out Deadline, the time and manner to submit an Objection before the Objection Deadline, as well as the binding effect of the Settlement on Class Members who do not exclude themselves from the Settlement. *See* Exhibit 2.

Therefore, under the circumstances, the notice plan fulfills the requirements of adequate notice for Due Process purposes and should be preliminarily approved.

### 7.  Appointment of Class Representative and Class Counsel

The adequacy of representation requirement is satisfied here, and there are no known conflicts of interest, as noted above. For settlement purposes, Plaintiff respectfully requests that she be appointed as Class Representative. Similarly, Plaintiff requests that Mona Amini and Gustavo Ponce of Kazerouni Law Group, APC be appointed as Class Counsel.

### 8.  Simpluris should be appointed as Settlement Administrator

The Parties agreed to propose that the Court appoint Simpluris to serve as the Settlement Administrator and disseminate Notice to the Settlement Class. *Id*. at § 2.29. Simpluris provides administrative services in class action litigation nationwide and has extensive experience in administering consumer protection and privacy settlements. *See* Decl. of Jacob J. Kamenir, ¶¶ 4-14.

### 9.   The Final Approval Hearing should be scheduled

Plaintiff requests a Final Approval hearing be scheduled at least 105 days after dissemination of the Class Notice.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court: (1) certifying the class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving the proposed Settlement; (3) appointing Plaintiff, Katya Alfonso, as Class Representative; (4) appointing Mona Amini, Esq. and Gustavo Ponce, Esq. of Kazerouni Law Group, APC as Class Counsel; (5) appointing Simpluris, Inc. as the Settlement Administrator; (6) approving and directing dissemination of the Notice to Settlement Class Members; and (7) scheduling a Final Approval Hearing. The parties' proposed preliminary approval order is submitted herewith as **Exhibit 3** to the Settlement Agreement.

DATED this 1st day of May 2023.

                                                 **KAZEROUNI LAW GROUP, APC**

By:   s/ Mona Amini
        Gustavo Ponce, Esq.
        Nevada Bar No. 15084
        Mona Amini, Esq.
        Nevada Bar No. 15381
        6069 South Fort Apache Road, Suite 100
        Las Vegas, Nevada 89148
        Telephone: (800) 400-6808
        Facsimile: (800) 520-5523
        gustavo@kazlg.com
        mona@kazlg.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of Kazerouni Law Group, APC, and that on this 1st day of May 2023, the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

DATED this 1st day of May 2023.

**KAZEROUNI LAW GROUP, APC**

By:   s/ Mona Amini
  Gustavo Ponce, Esq.
  Nevada Bar No. 15084
  Mona Amini, Esq.
  Nevada Bar No. 15381
  6069 South Fort Apache Road, Suite 100
  Las Vegas, Nevada 89148
  Telephone: (800) 400-6808
  Facsimile: (800) 520-5523
  gustavo@kazlg.com
  mona@kazlg.com
  *Attorneys for Plaintiff*