Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Katya Alfonso*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATYA ALFONSO, | Case No.:  2:22-cv-00206-CDS-EJY |
| Plaintiff, | **DECLARATION OF MONA AMINI IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |
| vs. | |
| WILLIAMS & ASSOCIATES d/b/a WILLIAMS STARBUCK, DONALD H. WILLIAMS and DREW J. STARBUCK, | |
| Defendants. | |

## DECLARATION OF MONA AMINI

I, MONA AMINI, declare:

1.  I am over the age of 18 and am fully competent to make this declaration.  The statements made herein are made of my own personal knowledge and, if called upon, I could and would testify competently thereto.

2.  I am one of the attorneys for Plaintiff Katya Alfonso ("Plaintiff" or "Class Representative") and the proposed Class members (the "Class" or "Class Members") in the above-captioned action (the "Action") against Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams and Drew J. Starbuck ("Defendants") alleging violations the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. I am a member in good standing of the State Bar of Nevada and the State Bar of California. I am licensed to practice before all courts in the State of Nevada and the State of California. I have litigated cases in both state and federal courts in Nevada, as well as in other states, including California, Florida, New York, and Pennsylvania.

4. I submit this declaration in support of the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

5. My firm has conducted pre-lawsuit investigations concerning the violations alleged in this Action and I, together with my colleague Gustavo Ponce, have been involved in this case since its inception.

6. Throughout this litigation, I have strived to fairly, responsibly, vigorously and adequately represent the putative class members in this action. I believe that I have been successful in that endeavor thus far and shall continue in this vein.

7. Kazerouni Law Group, APC will commit the necessary resources and time to represent the interests of the proposed class.  I will commit multiple lawyers and support staff, as necessary, to the case. Kazerouni Law Group, APC also has the financial resources to represent the class.

8. On August 23, 2022, the Parties attended a full-day mediation session with Hon. Elizabeth "Betsy" Gonzalez (Ret.) of Advanced Resolution Management. Counsel for Plaintiff and counsel for Defendants attended in person. I personally attended that mediation in person alongside my co-counsel Gustavo Ponce.

9. During the mediation, the Parties engaged in good faith arm's length negotiations with the assistance of Judge Gonzalez (Ret.) and agreed on material settlement terms, which included the proposed amount for each putative Settlement Class Member.

10. The Parties engaged in extensive settlement discussions and negotiations regarding this Action. As a result of this process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

DECLARATION OF MONA AMINI

11. After reaching the settlement in principal, the parties began working cooperatively on drafting the proposed Settlement Agreement. A copy of the parties' executed Settlement Agreement is attached hereto as **Exhibit A**.

**THE SETTLEMENT**

12. Pursuant to the Settlement Agreement, all individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022 (the "Class") will receive a payment of $750.00 from the Settlement Fund of $60,750.00 established to provide the Settlement Award to the Class Members who do not submit an Opt-Out Request in accordance with the terms of the § 12.1 of the Settlement Agreement. Defendants have confirmed that there are approximately 81 Settlement Class Members. Any money remaining in the Settlement Fund that has not been distributed following the expiration of the issued Settlement Award checks, or any money in the Settlement Fund that has not otherwise been distributed shall be paid to the proposed *cy pres* recipient, Legal Aid Center of Southern Nevada. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendants.

13. In addition to the cash Settlement Awards to be paid to the Class from the Settlement Fund, Defendants will also separately pay the proposed Settlement Administrator an amount not to exceed $10,000.00 for providing the Class Notice, as well as other services and expenses related to the administration and payment of the Settlement. The parties propose that Simpluris, Inc. be appointed as the Settlement Administrator. Simpluris is a national full-service class action notice and claims administrator and has extensive experience in administering consumer protection and privacy class action settlements.[1]

14. Also, separate from the Settlement Fund, and subject to the Court's approval, Defendants shall pay Plaintiff Katya Alfonso an Incentive Award of $4,000.00 for the time and effort personally invested by Plaintiff in this Action as the named Plaintiff and proposed Class Representative. The Court's approval of any Incentive Award for Plaintiff is not, and will

---

[1] *See* Declaration of Jacob J. Kamenir, Senior Director of Notice at Simpluris, Inc., submitted concurrently with and in support of Plaintiff's Motion.

DECLARATION OF MONA AMINI

KAZEROUNI
LAW GROUP, APC

not be, a condition of the Settlement and Defendant will not oppose or object to an Incentive Award that does not exceed $4,000.00.

15. Subject to the Court's approval of the Settlement, Defendants have also agreed to separately pay the sum of $72,500.00 as attorney's fees and costs to Class Counsel. Defendants will not oppose Class Counsel's motion or request for such attorney's fees and costs. Class Counsel will file a motion requesting this award of attorney's fees and costs at least thirty (30) days prior to the Court's Final Approval Hearing. This amount is fair, reasonable, and adequate to compensate Plaintiff's Counsel for the substantial work devoted to this case and for the out-of-pocket litigation costs reasonably incurred by counsel in order to accomplish this highly beneficial Settlement for the Settlement Class. The attorneys' fees and costs award is intended to reimburse Plaintiff's Counsel for the litigation costs incurred and for all work already done by counsel as well as for all the work projected to be remaining to be done in carrying out and overseeing the notification to the Class Members, communication with Class Members regarding their claims and addressing questions, Opt-Out Requests, and/or Objections, the administering of the Settlement if it is approved the Court, and additional work beyond the Final Approval of the Settlement.  The proposed attorneys' fees and costs were not discussed until all the material terms of the Settlement were agreed upon. In addition, the proposed attorney's fees and costs will be paid by Defendants, separate and apart from the Settlement Fund and any consideration being paid directly to the Class.

16. The Class Members will receive individual direct notice by U.S. Mail to the most recent mailing address provided by Defendants for the members of the Class (Agr. § 9.2) and a copy of the Notice will be available on the Settlement Website. As the debt collector that previously sent email and/or mail communications and/or letters to the Settlement Class, Defendants have the names, mailing and/or e-mail addresses for the Settlement Class Members. Defendants will provide the Class List to the Settlement Administrator as well as Class Counsel, on a confidential basis, which shall provide the names and mailing and/or e-mail addresses for the Class. *Id*. § 9.1. Email addresses will be obtained from Defendants to the extent Defendants are in possession of such contact information, otherwise emails will be obtained

by the Settlement Administrator through commercially or publicly available "reverse lookup" sources. *Id*. § 9.2. If the Settlement Administrator is unable to find a valid email address via a reverse look up, the Settlement Administrator will check a national database for a better email and/or mailing address. *Id*. The Settlement Administrator will provide Notice to Settlement Class Members initially via U.S. Mail in substantially the same form as that attached as Exhibit 2 to the most recent mailing address from the list of members of the Class. *Id*. In the event that any Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered to a class member, a summary Notice will be sent via email in substantially the same form as that attached as Exhibit 2. *Id*. Both the Mail Notices and summary Notice via e-mail meet the requirements of Rule 23(c)(2)(B)  as they will include information for the members of the Class regarding the nature of the Action, the Class definition, information about the Settlement Award available for the Settlement Class Members, as well as the time and manner to submit an Opt-Out Request to exclude themselves from the Settlement before the Opt-Out Deadline, the time and manner to submit an Objection before the Objection Deadline, as well as the binding effect of the Settlement on Class Members who do not exclude themselves from the Settlement.

17. Based on my experience with similar class actions and my investigation, research, and knowledge of the specific facts and legal issues in this Action, I believe that the proposed Settlement, including the relief to Settlement Class Members, is fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the action, in light of the risks, expense and likely delay that would be caused by further litigation balanced against the benefits of the Settlement.

18. Taking into account the burdens, uncertainty and risks inherent in this litigation, I have concluded that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desireable, fair, and beneficial to the parties and the Settlement Class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

19. Plaintiff's Counsel considered the expense, complexity, and delay associated with continued litigation. In response, Plaintiff's Counsel carefully analyzed the settlement in light of the parties' respective positions and elected that the immediate, certain, and substantial payments offered by Defendants to the Settlement Class to resolve this case was fair, reasonable, and adequate relief to the Class.

20. I am unaware of any conflict of interest between Plaintiff on one hand and any Settlement Class Member on the other hand, or between Plaintiff and Plaintiff's Counsel.

21. I respectfully request that the Court (1) certify the Settlement Class for settlement purposes, (2) preliminarily approve the Settlement, (3) appoint Plaintiff Katya Alfonso as the Class Representative, (4) appoint Plaintiff's counsel (myself and Gustavo Ponce of Kazerouni Law Group, APC) as Class Counsel, (5) appoint Simpluris, Inc. as the Settlement Administrator, (6) approve the proposed Notice and direct dissemination of Notice to the Settlement Class Members, and (7) schedule a Final Approval Hearing.

## CLASS COUNSEL'S EXPERIENCE

22. During my years as an attorney, since my admission to the State of California in 2014 and my later admission to the State Bar of Nevada in 2020, I have been engaged exclusively in the area of consumer rights litigation, including individual and class actions under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, as well as other matters involving consumer privacy, unfair business practices, false advertising actions related to consumer products, unfair competition and other similar related consumer protection statutes.

23. Kazerouni Law Group, APC, in which I am a Partner, has litigated over 15,000 consumer rights cases over the past fifteen years.

24. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. Kazerouni Law Group, APC has a history of aggressive, successful prosecution of consumer class actions. Approximately 95% percent of our practice concerns consumer litigation in general.

25. Kazerouni Law Group, APC has offices in Las Vegas, Nevada; Costa Mesa, California; Arroyo Grande, California; San Diego, California; Phoenix, Arizona; St. George, Utah;

1    Seattle, Washington; New York, New York; Mt. Laurel, New Jersey; Minneapolis,

2    Minnesota; and Chicago, Illinois.

3    26. My firm, and I personally, have been appointed as Class Counsel in numerous class actions.

4                    **KAZEROUNI LAW GROUP, APC'S**

5            **CONSUMER RELATED EXPERIENCE AND RESULTS**

6    27. Kazerouni Law Group, APC has extensive experience litigating class actions, including

7        those alleging violations of fair debt collection practices statutes, such as the FDCPA and its

8        various state law equivalents:

9        a. *Macias v. Water & Power Community Credit Union*, BC515936 (Cal. Sup. Ct. Los

10           Angeles County, April 21, 2016) (class action settlement under the RFDCPA);

11       b. *Ranekouhi, et al. v. S.B.S. Trust Deed Network*, No. 8:15-cv-01541-CJC-JCG (C.D.

12           Cal. June 27, 2016) (FDCPA and RFDCPA class action finally approved);

13       c. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Cal. Sup. Ct.

14           San Luis Obispo Oct. 30, 2017) (RFDCPA class action finally approved);

15       d. *Moreno-Peralta v. TRS Recovery Services, Inc*., 2017 Cal. Super. LEXIS 548 (Cal.

16           Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action finally approved);

17       e. *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (D.Utah November 9, 2017)

18           (FDCPA class action with consumers to each receive $1,428.57, debt relief, and

19           tradeline deletion finally approved);

20       f. *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385 (Cal. Sup. Ct.

21           Kern County, June 23, 2018) (RFDCPA class action granted final approval);

22       g. *Calderon v. Wolf Firm, Inc*., No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS

23           159435, at *23 (C.D. Cal. Sep. 18, 2018) (FDCPA and RFDCPA class action finally

24           approved);

25       h. *Morrison v. Clear Management Solution,* No. 1:17-cv-00051-CW-EJF (D.Utah June

26           5, 2020) (FDCPA class settlement finally approved, Class Counsel awarded over

27           $114,000 in attorney's fees and costs);

28

i. *Rodriguez v. Cascade Collections LLC*, No. 2:20-CV-00120-JNP-DBP (D.Utah June 27, 2022) (FDCPA class action settlement granted final approval);

j. *Almada v. Kriger Law Firm*, No. 3:19-cv-02109-TWR-MDD, 2023 U.S. Dist. LEXIS 15717 (S.D. Cal. Jan. 30, 2023) (FDCPA class action finally approved, establishing a common fund providing cash payments of $450 to each class member and awarding Class Counsel $240,000 in attorney's fees and costs).

28. Kazerouni Law Group, APC also has experience in litigating false advertising cases, including but not limited to:

a. *Maxin v. RHG & Company, Inc.*, 2017 U.S. Dist. LEXIS 27374 (S.D. Cal. Feb. 27, 2017) (finally approved class action settlement for $900,000);

b. *Scheuerman v. Vitamin Shoppe Industries, Inc.*, BC592773 (Cal. Sup. Ct. Los Angeles) (finally approved class action settlement for up to $638,384.00);

c. *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (finally approved settlement under California Made in the USA statute);

d. *Giffin v. Universal Protein Supplements*, BC613414 (Cal. Sup. Ct. Los Angeles) (finally approved, class received over $210,000);

e. *Holt, et al. v. FoodState Inc.*, 17-CV-00637-LM (D.N.H. 2017) (finally approved, $2.1 million fund).

f. *Ayala et al v. Triplepulse, Inc.*, BC655048 (Cal. Sup. Ct. Los Angeles Nov. 13, 2018) (finally approved consumer false advertising class action settlement);

29. Kazerouni Law Group, APC also has extensive experience in other consumer related issues. A brief summary of a non-inclusive list of notable decisions from my firm are as follows:

a. *Kolar v. CSI Financial Services LLC dba ClearBalance*, No. 37-2021-00030426 (Cal. Sup. Ct. San Diego County) (appointed as Class Counsel in data breach class action, finally approved on Jan. 20, 2023);

b. *Newman v. J.M. Bullion, Inc.*, No. BCV-21-100436-BCB (Cal. Sup. Ct. Kern County June 30, 2022) (data breach class action granted final approval);

c. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG) (S.D. Cal. August

15, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating a common fund in the amount of $2,750,000);

d. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. November 6, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating a common fund in the amount of $2,600,000);

e. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. Dec. 1, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating common fund in the amount of $1,188,110);

f. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

g. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

h. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

i. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

j. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowner's association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17.  The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identity of the original creditor in a state collection pleading is a violation of the FDCPA under 15 U.S.C. § 1692e);

u. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

v. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000).

30. Many of the cases listed above, which have settled, resulted in the creation of combined common funds and/or distribution to class member in the hundreds of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by Kazerouni Law Group, APC in successfully prosecuting complex class actions.

**ADDITIONAL RELEVANT TRAINING, ASSOCIATIONS, AND AWARDS**

31. I have undergone extensive training in the area of consumer law, including but not limited to the following:

a) A three-day Consumer Rights Litigation Conference in November 2014 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in Tampa, Florida.

b) A three-day Fair Credit Reporting Act Conference in May 2015 sponsored by the National Association of Consumer Advocates (NACA) in Las Vegas, Nevada.

c) A three-day Consumer Rights Litigation Conference in November 2015 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in San Antonio, Texas.

d) A three-day Consumer Rights Litigation Conference in October 2016 co-sponsored by National Consumer Law Center (NCLC) and National Association of Consumer Advocates (NACA) in Anaheim, California.

e) A three-day seminar organized by Mass Torts Made Perfect (MTMP) from October 13-15, 2021 in Las Vegas, Nevada.

32. I am also a member of the following local and national organizations: Clark County Bar Association; American Association for Justice; National Association of Consumer Advocates; Consumer Attorneys of California; Orange County Bar Association; Orange County Trial Lawyers Association; Los Angeles County Bar Association; Riverside County Bar Association; and San Bernardino County Bar Association.

33. In 2019, the Consumer Attorneys of California (CAOC) selected me from a pool of applicants for its 2019 Leadership Academy, which included an intensive two-weekend long program that empowered participants with training in communications, grassroots organizing, lobbying and fundraising.

34. I have been honored to be selected by Super Lawyers Magazine in 2021 through 2023 for its list of Southern California Rising Stars list, an honor reserved for those lawyers who exhibit excellence in practice. Only 2.5% of attorneys in Southern California receive this distinction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 1, 2023 in Las Vegas, Nevada.

By: _____

Mona Amini, Esq.

DECLARATION OF MONA AMINI

# PLAINTIFF'S EXHIBIT A

---

## SETTLEMENT AGREEMENT AND RELEASE

---

*In The Case Of*

**Katya Alfonso**

***vs.***

**Williams & Associates, et al.**

*Case No. 2:22-cv-00206-CDS-EJY*

**KAZEROUNI LAW GROUP, APC**
**6787 W. Tropicana Ave., Suite 250**
**Las Vegas, Nevada 89103**
**Tel: (800) 400-6808**
**Fax: (800) 520-5523**

SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Katya Alfonso ("Plaintiff") on behalf of herself and the Class Members (as defined below) and Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck (collectively "Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

Plaintiff, Class Counsel (as defined below), and Defendants hereby stipulate and agree that, in consideration of the promises and covenants set forth below in this Agreement and upon entry by the Court of a Final Approval Order (as defined below), all claims of Plaintiff and the Class Members in the action, entitled *Katya Alfonso v. Williams & Associates d/b/a Williams Starbuck, Donald, H. Williams, and Drew J. Starbuck*, Case No. 2:22-cv-00206-CDS-EJY (the "Action"), shall be forever and fully settled, compromised, and released upon the terms and conditions contained herein.

1.  RECITALS

WHEREAS, on February 3, 2022, Plaintiff filed a Class Action Complaint alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA");

WHEREAS, on February 28, 2022, Plaintiff filed a First Amended Complaint ("FAC");

WHEREAS, Plaintiff's FAC alleges, among other acts, that Defendants are debt collectors that unlawfully attempted to collect an alleged debt by sending Plaintiff and Class Members communications which failed to include certain required disclosures in violation of the FDCPA;

WHEREAS, Defendants deny all allegations of liability and wrongdoing asserted in the Action, deny that they are debt collectors as defined by the FDCPA, and have asserted multiple defenses, both affirmative and otherwise in Defendants' Answer to the FAC;

WHEREAS, without admitting or conceding fault or liability, Defendants have agreed to settle all alleged disputes regarding the alleged debt collection activities between Defendants, Plaintiff and the Class Members during the Class Period (as defined below);

WHEREAS, this Agreement resulted from and is the product of extensive investigation and evaluation of the facts and law concerning the claims asserted in the Action and good faith and arm's length settlement negotiations facilitated by a mediator, Hon. Elizabeth Gonzalez (Ret.). The Parties recognize and acknowledge the uncertain outcome and the risk of any litigation, including establishing the claims and defenses asserted in this Action, the difficulties and expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions, and the delay of continued litigation. Balancing this against the benefits of the Settlement the Class Members, Class Counsel believes the Settlement as provided in this Agreement is in the best interests of the Class Members and represents a fair, reasonable, and adequate resolution of the Action.

WHEREAS, subject to preliminary approval and final approval by the Court, as required by Federal Rule of Civil Procedure 23(e), and subject to and in exchange for the remaining

provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Class Members;

WHEREAS, the Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein;

NOW THEREFORE, subject to Court approval, as hereinafter provided, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action, including the claims asserted by the Plaintiff and the Class Members, shall be settled and compromised upon the terms and conditions contained herein.

2.    <u>DEFINITIONS</u>

As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1    "Action" means the civil action captioned, *Katya Alfonso v. Williams & Associates d/b/a Williams Starbuck, Donald, H. Williams, and Drew J. Starbuck*, Case No. 2:22-cv-00206-CDS-EJY, pending in the U.S. District Court for the District of Nevada.

2.2    "Agreement" means this Class Action Settlement Agreement and Release.

2.3    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.4    "Class" means all individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February, 28, 2022. Excluded from the Class are the Judge to whom the Action is assigned any member of the Court's staff and immediate family, and all persons who are validly excluded from the Class. Defendants estimate that there are approximately 81 individuals in the Class.

2.5    "Class Member" means those persons who are members of the Class, and who do not timely and validly request exclusion from the Class.

2.6    "Class Counsel" means Gustavo Ponce, Esq. and Mona Amini, Esq. of the law firm Kazerouni Law Group, APC.

2.7    "Class Notice" means any notice ordered by the Court pursuant to Federal Rule of Civil Procedure 23(c)(2). A description of the contemplated Class Notice is provided in Section 9 of this Agreement.

2.8     "Class Period" means the time period from February 28, 2021, to February 28, 2022.

2.9     "Class Representative" means Plaintiff Katya Alfonso.

2.10    "Court" means the United States District Court for the District of Nevada.

2.11    "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 11.2 of this Agreement.

2.12    "Defendants" means Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck, collectively.

2.13    "Defendants' Counsel" means Sheri M. Thome, Esq. and Jessica L. Beeler, Esq. of the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

2.14    "Effective Date" means the fifth (5th) business day after the last of the following dates:

      (A)     The Parties and their Counsel have executed this Agreement;

      (B)     The Court has entered the Final Approval Order; and

      (C)     The applicable time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed by the appellate court to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

2.15    "Escrow Account" means a non-interest bearing checking account established at a financial institution into which monies shall be deposited as set forth by this Agreement.

2.16    "Final Approval Hearing" means the hearing set by the Court for the purpose of determining the fairness, reasonableness, and adequacy of this Agreement in accordance with class action procedures and requirements under applicable law(s), including Rule 23 of the Federal Rules of Civil Procedure.

2.17    "Final Approval Order" means the order and judgment that the Court enters upon subsequent to the Final Approval Hearing, finally approving the Settlement, substantially in the form of the proposed order attached hereto as Exhibit 1, approving the terms of this Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

2.18    "Funding Date" means the date, which is no later than thirty (30) days after the Effective Date, on which Defendants shall cause payment to be made into the Settlement Fund account pursuant to the method set forth in Section 11 of this Agreement.

2.19    "Judge" shall mean any judge of the United States District Court for the District of Nevada, including Honorable Cristina D. Silva.

2.20    "Mail Notice" means the notice that the Settlement Administrator will provide pursuant to Section 9 of this Agreement to the Class Members, subject to approval by the Court, via U.S. Mail and substantially in the same form attached hereto as Exhibit 2. In the event that U.S. Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered to a Class Member in substantially the same form as that attached as Exhibit 2, a summary Notice will be sent via email.

2.21    "Notice Deadline" shall have the meaning set forth in Section 8.1(C) of this Agreement.

2.22    "Opt-Out Request(s)" and "Opt-Out Objection Deadline" shall have the meaning set forth in Sections 8.1(E), and 12.1 of this Agreement.

2.23    "Parties" means Plaintiff and Defendants.

2.24    "Preliminary Approval Order" means the order that the Court certifies the Settlement Class for settlement purposes and grants preliminary approval to the settlement, substantially the same proposed form of which is attached hereto as Exhibit 3 and/or as ultimately issued by the Court. "Preliminary Approval" occurs on the date that the Court enters the Preliminary Approval Order.

2.25    "Released Claims" means all claims to be released as set forth in Section 16 of this Agreement.  The "Releases" means all of the releases contained in Section 16 of this Agreement.

2.26    "Released Parties" means and refers to Defendants and their past and present subsidiaries, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past and present officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, members, agents, representatives, heirs, and assigns.

2.27    "Releasing Parties" means Plaintiff and every Class Member who does not timely and properly opt out of the Settlement as required pursuant to this Agreement and the Notice, on behalf of themselves and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, assigns,or any other person or entity claiming through the Plaintiff or Class Members.

2.28    "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

2.29   "Settlement Administrator" means Simpluris, Inc., which is an independent, third-party settlement administrator associated with administering the settlement, providing notice to the Settlement Class, processing claims, distributing settlement payments and other activities customarily associated with administering class action settlement.

2.30   "Settlement Award" means a cash payment that may be available to eligible Class Members pursuant to Section 11 of this Agreement.

2.31   "Settlement Fund" means the amount of SIXTY THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($60,750.00) to be paid by Defendants as set forth in this Agreement to the Class Members.

2.32   "Settlement Termination Date" means and refers to the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

2.33   "Settlement Website" means the settlement website set up by the Settlement Administrator which shall permit Settlement Class Members to access pertinent papers relating to the Action.

3.   SETTLEMENT PURPOSES ONLY

3.1   General. This Agreement is made for the sole purpose of settlement of the Action on a class wide basis, including the settlement of all related individual claims made by Plaintiff.  The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or in the event that the Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void ab initio and shall be of no force and effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

3.2   Plaintiff recognizes the benefit of Settlement.  Plaintiff, the Class, and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

4.   JURISDICTION

4.1   The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorney's fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

5.      SETTLEMENT TERMS AND BENEFITS TO CLASS

5.1     Settlement Fund.  Defendants shall pay to the Class the total sum of SIXTY THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($60,750.00) to settle the Action with Plaintiff and the Class Members and will obtain a release of all Released Claims against all Released Parties as set forth herein.  The Settlement Fund will be used to pay Class Members who have not submitted a valid Opt-Out Request in accordance with the terms of this Agreement.  In no event will Defendants' payment obligations to pay Class Members and Plaintiff exceed the Settlement Fund.

5.2     Amount Paid Per Class Member. The amount paid per Class Member shall be pro rata; the total Settlement Fund divided by the total number of Class Members who have not submitted a valid Opt-Out Request in accordance with the terms of this Agreement in Section 12.1. The maximum amount awarded to each Class Member is SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($750.00).

5.3     Settlement Administration Costs.  The Parties agree and acknowledge that Defendants will separately pay (in an amount not to exceed as stated below) reasonable costs, fees, and expenses incurred by the Settlement Administrator in the course of providing the Class Notice and other services related to the administration and payment of the Settlement including, but not limited to, costs of printing and providing notice to Class Members, the costs associated with creating and maintaining a Settlement Website, and costs for Mail Notice, and any different or additional notice that might be ordered by the Court.  The amount Defendants shall pay for Settlement Administration Costs shall not exceed TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00).

6.      ATTORNEY'S FEES, COSTS, AND PAYMENT TO PLAINTIFF

6.1     Attorney's Fees and Costs. Subject to the Court's approval, Defendants will pay the sum of SEVENTY-TWO THOUSAND FIVE-HUNDRED DOLLARS AND ZERO CENTS ($72,500.00) as attorney's fees and costs to the Settlement Administrator to be distributed to Class Counsel.  No interest will accrue on such amounts at any time.  Defendants shall not oppose Class Counsel's motion or request for attorney's fees and costs. Class Counsel will file a motion requesting an award of attorney's fees and costs at least thirty (30) days prior to the Court's Final Approval Hearing. The attorneys' fees, costs, and expenses of Class Counsel as it relates to this Action shall be paid by Defendant to Class Counsel within thirty (30) days of the Effective Date (or as such is otherwise ordered by the Court).

6.2     Incentive Award to Plaintiff.  Plaintiff, Katya Alfonso, will also request the Court to award her an incentive award of FOUR THOUSAND DOLLARS AND ZERO CENTS ($4,000.00) for the time and effort she has personally invested in this

Action as the Class Representative.  No interest will accrue on such amounts at any time. The Incentive Award will be paid to the Settlement Administrator within thirty (30) days of the Effective Date. Court approval of any incentive award will not be a condition of the Settlement. Defendant will not oppose or object to an incentive award that does not exceed $4,000.

6.3     In the event the Court denies the attorneys' fees/costs request or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

7.     CONDITIONS OF SETTLEMENT

7.1     Performance of the obligations set forth in this Agreement is subject to each of the following material conditions:

(A)     Execution of this Agreement by Defendants, Plaintiff, and Class Counsel.

(B)     Execution and entry by the Court of the Preliminary Approval Order.

(C)     Mailing of the notices described in Section 9 below.

(D)     The Court conducting a Final Approval Hearing.

(B)     Execution and entry by the Court of the Final Approval Order.

(F)     Execution and entry of Judgment by the Court.

(G)     Expiration of any applicable appeals or if none filed, expiration of periods of time in which to appeal.

7.2     The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represents and warrants that it has authority to take all such actions required pursuant to this Agreement, and that by doing so are not in breach or violation of any agreement with Plaintiff or any third party.

8.     PRELIMINARY APPROVAL OF THE SETTLEMENT

8.1     Preliminary Approval Motion.  As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order.  Pursuant to the motion for preliminary approval, the Parties will request that:

(A)     The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Class, and within the reasonable range of possible final approval;

(B)     The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(C)     The Court direct that notice be provided to the Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order (the "Notice Deadline");

(D)     The Court shall establish a procedure for Class Members to object to the Settlement or exclude themselves from the Class;

(E)     The Court shall set a deadline forty-five (45) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

(F)     The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(J)     The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

8.2     Stay of Proceedings.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action.

9.      ADMINISTRATION AND NOTIFICATION PROCESS

9.1     Settlement Administrator.  The Settlement Administrator shall administer the Settlement. Defendants will reasonably cooperate in the notice and administration process by providing the Settlement Administrator and Class Counsel, on a confidential basis, with access to the names and mailing and/or e-mail addresses for persons in the Class for whom Defendants have such information (the "Class List").  Defendants will confirm the process of generating and providing the Class List with Class Counsel and will provide the list to the Settlement Administrator and Class Counsel within 30 days after execution of this Agreement.

9.2     Mail Notice.  The Settlement Administrator shall, within fourteen (14) calendar days after the entry of the Preliminary Approval Order, or earlier if possible, provide individual notice to the most recent mailing address from the list of members of the Class, which shall contain a claim ID.  The mailing of the Notice shall be handled by the Settlement Administrator in accordance with its regular

8

procedures for updating addresses through the National Change of Address database maintained by the United States Postal Service where available. The Settlement Administrator shall perform skip tracing for all returned direct mail. Specifically, the Settlement Administrator will provide Notice to Settlement Class Members initially via U.S. Mail in substantially the same form as that attached as Exhibit 2 to identifiable Class Members for whom Defendant have mailing addresses. In the event that any Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered to a class member, a summary Notice will be sent via email in substantially the same form as that attached as Exhibit 2. Email addresses will be obtained from Defendants to the extent Defendants are in possession of such contact information, otherwise emails will be obtained by the Settlement Administrator through commercially or publicly available "reverse lookup" sources. If the Settlement Administrator is unable to find a valid email address via a reverse look up, the Settlement Administrator will check a national database for a better email and/or mailing address.

9.3   CAFA Notice. Defendants shall be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state and federal officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 10.   SETTLEMENT AWARDS

10.1   Settlement Awards to Class Members. All Class Members who have not submitted a valid and timely Opt-Out Request will receive a Settlement Award, which shall be paid by check, as set forth below. The maximum amount awarded to each Class Member is SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($750.00).

## 11.   DISTRIBUTION OF SETTLEMENT AWARDS

11.1   Settlement Award Payments. Within fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator shall notify both Class Counsel and Defendants in writing of the amount necessary to fund payments to the Class Members that have not requested exclusion from the Class. The Settlement Administrator shall also provide both Class Counsel and Defendants with a list of all of the submitted Opt-Out Requests that are received. The validity of the Opt-Out Requests will be determined as set forth in the Preliminary Approval Order. The Settlement Award shall be paid by check. The Settlement Administrator shall send by first-class mail a check to each eligible Class Member (Class Members who have not submitted a valid and timely Opt-Out Request) within forty-five (45) days of the Effective Date. The Settlement Administrator will perform skip tracing and re-mailing, as necessary. Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-

hundred twenty (120) days after the date on the check will be distributed as directed in Section 11.2.

11.2  Remaining Funds. Money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to section 11.1, or any money in the Settlement Fund that has not otherwise been distributed (the "Remaining Funds"), shall be paid as *cy pres* to Legal Aid Center of Southern Nevada, as approved by the Court.  No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendants.

11.3  Funding.  Defendants shall have the Settlement Fund, the Settlement Administration Costs, the Incentive Award, and the Attorneys' Fees and Costs approved by the Court, deposited with the Settlement Administrator within thirty (30) days of the Effective Date.

12.   OPT-OUTS, APPEARANCES, AND OBJECTIONS

12.1  Opt-Out Requirements.  Class Members may request exclusion from the Settlement by sending a written request to the Settlement Administrator and Class Counsel at the address designated in the Class Notice, to be postmarked no later than the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order.  Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Alfonso FDCPA class action."  No request for exclusion/opt out will be valid unless all of the information described above is included.  No person in the Class, or any person acting on behalf of, or in concert, or participation with that person in the Class, may exclude any other person in the Class from the Class. Except for those Class Members who have properly and timely postmarked an Opt-Out Request, all Settlement Class Members will be bound by this Settlement Agreement and the Final Judgment to be entered. For an Opt-Out Request to be valid, a Settlement Class Member must exclude themselves from the entire Settlement.

12.2  Retention of Exclusions.  The Settlement Administrator will retain a copy of all requests for exclusion and shall provide copies of any such requests to counsel for the Parties.  Counsel for the Parties shall keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Class has properly opted out.

12.3  Entry of Appearance.  Pursuant to Rule 23(c)(2)(B(I v), a class member may enter an appearance through his or her own attorney at their own expense by filing the appearance with the Clerk.

12.4    Right to Object.  Any Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order.  Any Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorney's fees and costs and/or incentive awards.  Further, any Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

12.5    Objection Requirements.  To be heard at the Final Approval Hearing, the Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel; and (ii) Defendants' Counsel.

An objection must:

(A)    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

(B)    Include a statement of such Class Member's specific objections; and

(C)    State the grounds for objection and attach any documents supporting the objection.

12.6    Any Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for all Parties.  The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objector and/or the objector's counsel will present to the hearing. Failure to comply with the provisions of this Section shall waive and forfeit all right to appear separately and/or to object, and shall bind any such Class Member who fails to comply with

the provisions of this Section to all the terms of this Agreement, and by all proceedings, orders, and judgments in the litigation.

12.7    The Parties agree that, subject to Court approval, any Settlement Class Member who does not file a timely written objection to the settlement shall be foreclosed from seeking review of the Settlement by appeal or otherwise.

13.    <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

13.1    Final Approval.  The Preliminary Approval Order will set a date for a Final Approval Hearing, at which Plaintiff and Defendant will request that the Court enter the Final Approval Order finally approving the settlement in the form attached hereto as Exhibit 1, which shall specifically include provisions that:

(A)    Finally approve the Settlement as fair, reasonable and adequate to the class;

(B)    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(C)    Find that the Class Members have been adequately represented by Plaintiff and Class Counsel;

(D)    Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

(E)    Confirm that Plaintiff and the Class Members (except those who properly excluded themselves from the Settlement Class) have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

(F)    Dismiss on the merits and with prejudice all claims of the Class Members (except those who properly excluded themselves from the Settlement Class) asserted against Defendants, as well as the Action, without costs to any party, except as provided in this Agreement; and

(G)    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement for 180 days after entry of the Final Approval Order.

14.    <u>FINAL JUDGMENT</u>

14.1 The Judgment entered at the Final Approval Hearing shall be deemed final:

(A)    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

(B)    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect.

15.    <u>DISMISSAL AND NO ADMISSIONS</u>

15.1    Dismissal.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiff and the Class Members, except as to those Class Members who properly excluded themselves from the Settlement Class via the Opt-Out Request.

15.2    No Admission Under Federal Rule of Evidence 408.  Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret, or enforce this Agreement.

16.    <u>RELEASE OF CLAIMS</u>

16.1    Releasing Parties will be deemed to have fully released and forever discharge the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, which arose prior to the Effective Date, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising from, related to, or connected with the Action, the FDCPA or any collection notices or communications, directed by Defendants to the Class Members during the Class Period ("Released Claims").

16.2    Releasing Parties understand and acknowledge the significance of these waivers of applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases

13

of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

17.   <u>TERMINATION OF AGREEMENT</u>

17.1   Either Side May Terminate the Agreement.  Plaintiff and Defendants shall each have the right to unilaterally terminate this Agreement by providing written notice of her or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

(A)   The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement;

(B)   An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand; or

(C)   The Effective Date does not occur.

17.2   Settlement Fund Return to Defendants.  In the event that the Settlement is not finally approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Defendants within fifteen (15) days of the event that causes the Agreement to not become effective.

17.3   Revert to Status Quo.  If Plaintiff or Defendants terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.

18.   <u>INAPPLICABLE TO VALIDITY OF DEBTS/OBLIGATIONS</u>

18.1   This Agreement has no affect on any debt whatsoever.  The Parties understand and agree that this Agreement and any terms herein shall not affect in any regard any debt or obligation owed or not owed, if any, by Plaintiff or Class Members to Republic Services.  This Agreement does not operate to substantiate, create, affirm, waive, extinguish, terminate, reduce, or affect any debt or obligation owed or not owed by Plaintiff or any Class Member, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Republic Services, to the extent such right exist.  The Settlement and any and all payments to Class Members that may arise from the settlement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts of Class Members may owe to Republic Services.

19.   TAXES

19.1   Taxes Paid By Administrator.  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Settlement Administrator from the Settlement Fund.

19.5   Responsibility for Taxes on Distribution.  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid by Defendants.

20.   MISCELLANEOUS

20.1   Governing Law. This Agreement shall be governed by the laws of the State of Nevada. The Parties acknowledge and agree that action brought by either Party to enforce any term of this Agreement are subject to jurisdiction in the United States District Court for the District of Nevada.

20.2   No Construction Against Drafter.  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.3   Entire Agreement. This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the Parties.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

20.4   Authority.  Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

20.5   No Assignment.  No party to this Agreement has assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

15

20.6    Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

20.7    Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

20.8    Execution in Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20.9    Notices.  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

As to Plaintiff and the Class:

Gustavo Ponce, Esq.
Mona Amini, Esq.
KAZEROUNI LAW GROUP, APC
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com
*Attorneys for Plaintiff,*
*Katya Alfonso*

As to Defendants:

Sheri M. Thome, Esq.
Jessica L. Beeler, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401

Email: Sheri.Thome@wilsonelser.com
Email: Jessica.Beeler@wilsonelser.com
*Attorneys for Defendants*
*Williams & Associates d/b/a Williams Starbuck,*
*Donald H. Williams, and Drew J. Starbuck*

20.10   Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.11   Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

20.12   For Settlement Only. This Agreement is for settlement purposes only and is entered into for purposes of resolving the dispute between Defendants and all members of the Settlement Class (including Plaintiff).  Neither the act of entering into, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute or be asserted to constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admission by Defendants of any claim or allegation made in any action or proceeding against Defendants.  Except at the election of Defendants, this Agreement shall not be offered or be admissible in evidence against Defendants or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms, save and except that the Settling Parties acknowledge and agree that Defendants may introduce, report, or otherwise use this Agreement, its terms, and/or the orders of the Court contemplated herein to urge or establish the defense(s) of release, res judicata, collateral estoppel or other similar defense or theory of claim preclusion or issue preclusion, or as otherwise required by law, or to protect its legal rights or interests.  Nothing in this Agreement shall be construed to prevent the Settling Parties' disclosure of the terms of this Agreement to their legal, tax, accounting, financial, or other professional advisors, or as may be required for governmental or regulatory reporting purposes, or in order to make full disclosure, as may be necessary, under any securities law or regulation

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed by their duly authorized representatives.

PLAINTIFF

Dated: 3.13.23

Katya Alfonso

17

DEFENDANTS

Dated: _3/7/ 2023_

Williams & Associates dba Williams
Starbuck

By: _____

Its: _____

Dated: _3/7/2023_

Donald H. Williams

Dated: _____

Drew J. Starbuck

APPROVED AS TO FORM:

Kazerouni Law Group, APC

Dated: _4/5/2023_

Mona Amini, Esq.
Counsel for Plaintiff and the Class

Wilson Elser Moskowitz Edelman & Dicker
LLP

Dated: _3/13/23_

Sheri M. Thome, Esq., Counsel for
Defendants

# EXHIBIT 1

1  Gustavo Ponce, Esq.
   Nevada Bar No. 15084
2  Mona Amini, Esq.
   Nevada Bar No. 15381
3  **KAZEROUNI LAW GROUP, APC**
   6787 W. Tropicana Ave., Suite #250
4  Las Vegas, Nevada 89103
   Telephone: (800) 400-6808
5  Facsimile: (800) 520-5523
   E-mail: gustavo@kazlg.com
6  E-mail: mona@kazlg.com

7  *Attorneys for Plaintiff,*
   *Katya Alfonso*

8

## UNITED STATES DISTRICT COURT

9

## DISTRICT OF NEVADA

10

11 | KATYA ALFONSO, | Case No.: 2:22-cv-00206-CDS-EJY

12 |              Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

13 |   vs.

14 | WILLIAMS & ASSOCIATES d/b/a
15 | WILLIAMS STARBUCK, DONALD H.
   | WILLIAMS and DREW J. STARBUCK,

16 |              Defendants.

17

18

19        On _____, 2023, Plaintiff Katya Alfonso ("Plaintiff") and

20 Defendants Williams & Associates d/b/a Williams Starbuck ("W&A"), Donald H.

21 Williams ("Williams"), and Drew J. Starbuck ("Starbuck") (together as "Defendants")

22 (collectively "the Parties") entered in to a Class Action Settlement Agreement

23 (hereinafter referred to as the "Agreement," "Settlement Agreement" or "SA"), which

24 is subject to review under Fed. R. Civ. P. 23.

25        On _____, 2023, Plaintiff filed a Motion for Preliminary Approval of

26 Class Action Settlement and Certification of Settlement Class (hereinafter referred to

27 as the "Preliminary Approval Motion") in the above-captioned action (the "Action").

28

The Preliminary Approval Motion was unopposed by Defendants.

On _____, 2023, upon consideration of the Agreement, Preliminary Approval Motion, and the record in this Action, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 2023, Plaintiff filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").  In the Final Approval Motion, Plaintiff requested, *inter alia*, final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed Settlement.

On _____, 2023, the Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **JURISDICTION:**  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

2. **SETTLEMENT CLASS MEMBERS:**  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class members:

> All individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
279722541v.1

3.   **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT**: Pursuant to Fed. R. Civ. P. 23, Plaintiff Katya Alfonso is the Class Representative; and Plaintiff's counsel Gustavo Ponce and Mona Amini of Kazerouni Law Group, APC are certified as Class Counsel.

4.   **NOTICE AND CLAIMS PROCESS:**   Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Simpluris, Inc., has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Class Members of their rights.  Further, the Court finds that the Settlement is finally approved, and the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

10.  **FINAL CLASS CERTIFICATION:**  The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

11.  **SETTLEMENT TERMS:**  The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed

Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

- The Settlement Administrator shall pay each of the _____ Class Members, who did not timely submit an Opt-Out request excluding themselves from the Settlement, a Settlement Award in the sum of $_____ from the Settlement Fund established by Defendants;

- The Settlement Administrator shall pay from the Settlement Fund the sum of $_____ to the named Plaintiff or Class Representative, payable through Class Counsel, as an Incentive Award for bringing and participating in this Action;

- The Settlement Administrator shall be paid the sum of $_____ by Defendants for its costs and fees incurred for the cost of notice and settlement administration and any amounts advanced by Defendants for those purposes shall be credited and refunded to them from the Settlement Fund; and

- The Settlement Administrator shall pay to Class Counsel the sum of $_____ as attorneys' fees and costs incurred in litigating this Action, in the manner specified in the Agreement.

12.  **EXCLUSIONS AND OBJECTIONS:**   A total of _____ exclusions were received.  Those persons requesting exclusion are named on Exhibit A to this Order.  The Court hereby excludes these individuals from the Class and Settlement.

13.  The Class Members were given an opportunity to object to the settlement.  Only _____ Settlement Class Members filed objections.  After consideration of each of the objections, the Court hereby overrules such objections.

14. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

15. **RELEASE OF CLAIMS AND DISMISSAL OF ACTION:**   The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Agreement.   Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

16. The Action is hereby dismissed with prejudice in all respects.

17. This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

18. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: _____     _____
                                    THE HON. CRISTINA D. SILVA
                                    U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
279722541v.1

EXHIBIT 2

*ALFONSO V. WILLIAMS & ASSOCIATES, ET AL., NO. 2:22-CV-00206-CDS-EJY*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION

IF YOU RECEIVED AN INITIAL WRITTEN COMMUNICATION FROM DEFENDANTS WILLIAMS & ASSOCIATES D/B/A WILLIAMS STARBUCK, DONALD H. WILLIAMS, OR DREW J. STARBUCK IN AN ATTEMPT TO RECOVER SUMS DUE BETWEEN FEBRUARY 28, 2021, AND FEBRUARY, 28, 2022 YOU MAY BE ENTITLED TO BENEFITS UNDER THIS SETTLEMENT.

Please Read This Notice Carefully, As It Affects Your Legal Rights.

**The United States District Court for the District of Nevada authorized this notice.**

**This is not a solicitation from a lawyer.**

Your rights may be affected by the proposed settlement ("Settlement") discussed in this court-authorized notice ("Notice"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from the settlement class, and the effect of exercising your various options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** **(PARTICIPATE IN THE SETTLEMENT)** | If you agree with the proposed Settlement, you need not do anything to participate in the Settlement. |
| **EXCLUDE YOURSELF** | You will not be entitled to participate in the Settlement if you choose this option. |
| **OBJECT OR COMMENT** | Write to the Court about why you do, or do not, like the Settlement.  You must remain in the class to comment in support of or in opposition to the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

| 1. | Why did the Court authorize issuance of this notice? |
|---|---|

This Notice is given to inform you that: (1) a class action lawsuit is pending in the United States District Court for the District of Nevada entitled, *ALFONSO V. WILLIAMS & ASSOCIATES, ET AL.,* Case No. 2:22-CV-00206-CDS-EJY; (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the proposed Settlement may affect your legal rights; and (5) you have a number of options.

| 2. | What is this Litigation about? |
|---|---|

Plaintiff KATYA ALFONSO ("Plaintiff") alleges that Defendants WILLIAMS & ASSOCIATES D/B/A WILLIAMS STARBUCK, DONALD H. WILLIAMS, AND DREW J. STARBUCK ("Defendants") violated the federal Fair Debt Collection Practices Act ("FDCPA").

Defendants deny Plaintiff's allegations and further deny that they violated any laws, or that they are liable to Plaintiff and/or any Settlement Class Member for violations of the FDCPA.  Accordingly, neither this Notice nor the proposed Settlement reflects any admission by Defendants that their initial communications sent in attempt to recover sums due violated any law or the rights of any recipient of such notices

| 3. | How do I know if I am part of the Settlement Class? |
|---|---|

The Court has conditionally certified the following "Settlement Class":

"Class" means all individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022. Excluded from the Class are the Judge to whom the Action is assigned any member of the Court's staff and immediate family, and all persons who are validly excluded from the Class. Defendants estimate that there are approximately 81 individuals in the Class.

| 4. | Why did the parties agree to a Settlement? |
|---|---|

The Court did not decide in favor of the Plaintiff or Defendants. Instead, both sides agreed to a Settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after investigation of the claims alleged and the relevant facts, and independent consideration of the risks and benefits of settlement through extensive arms-length negotiations with the guidance and assistance of an experienced third-party neutral mediator, Hon. Betsy Gonzalez (Ret.) at Advanced Resolution Management.

Class Counsel and Plaintiff have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk of prolonged litigation. They also considered the value of the immediate benefit of settlement to Class Members versus the costs and delay of litigation through trial and appeals. Even if Plaintiff was successful in these efforts, Class Members may not receive any benefits for years.

| 5. | What benefit does the Settlement provide? |
|---|---|

If the proposed Settlement is approved by the Court, it will provide cash payments to the Class. In return for the relief described below, Class Members release their rights to pursue any claims individually against Defendants relating to the claims at issue in this Action.

The following description of the settlement benefits is qualified in its entirety by reference to the Settlement Agreement, a copy of which is on file with the Court.

The parties have agreed to a settlement, which is summarized as follows:

a)    Settlement Awards to the Settlement Class Members. A Settlement Fund of $60,750.00 shall be paid by Defendants to the Settlement Class Members. All Class Members who do not submit an Opt-Out Request excluding themselves from the Class shall receive a maximum of $750.00 as a Settlement Award.

b)    Incentive Award. The named Plaintiff, or Class Representative, shall receive an additional sum of $4,000.00, which represents an Incentive Award for the time and effort she has personally invested in this Action as the Class Representative.

| 6. | How do I Receive My Settlement Award? |
|---|---|

To receive the Settlement Award under the Settlement, you do not need to do anything. If you do not exclude yourself from the Settlement, you will receive your Settlement Award in the mail after the Court grants Final Approval to the Settlement.

| 7. | What claims do I release if I do not opt out of this settlement? |
|---|---|

Unless you exclude yourself from the Class, approval of this Settlement will result in a release by you of all claims against Defendants arising from, related to, or connected with the Action, the FDCPA or any collection notices or communications, directed by Defendants to the Class Members during the Class Period.

| 8. | Do I have a lawyer in the case? |
|---|---|

The Court has appointed the following law firm as Class Counsel: Gustavo Ponce and Mona Amini of the Kazerouni Law Group, APC located at 6787 W. Tropicana Ave., Suite 250, Las Vegas, NV 89103.

| 9. | How will the lawyers for the Settlement Class be paid? |
|---|---|

If the Court approves the Settlement, the Court also will determine what amount of attorneys' fees, costs and all other expenses should be paid to Class Counsel for their representation of Plaintiff and the Class in this Action. Payment of attorneys' fees and litigation costs to Class Counsel will not reduce any benefit available to you as part of the Settlement, and will be paid separately by Defendants, separate from the Settlement Fund. The parties have agreed that Class Counsel shall be entitled to reasonable fees and costs. The parties further understand that the amount of attorneys' fees and costs will be no greater than $72,500.00. This amount, will be paid by Defendants separate from the Settlement Fund created to provide payment of the Settlement Awards to the Settlement Class Members and the Incentive Award in the amount of $4,000.00 which the parties request to be paid to the Plaintiff for her participation as the Class Representative in this Action.

| 10. | What happens if I do nothing after receiving this Notice? |
|---|---|

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue individual claims against Defendant concerning the facts at issue in this Action. If the Settlement is approved, and you do not opt-out of the settlement class, you will receive a cash benefit under the Settlement.

| 11. | What does it mean to request exclusion from the Settlement Class? |
|---|---|

If you are a member of the Class and will be bound by the Settlement if the Court approves it unless you exclude yourself from the Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit against Defendants. Persons who exclude themselves from the Class by submitting a valid written Opt-Out Request will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue Defendants separately at their own cost.

You cannot exclude yourself from the Class and the Settlement if you wish to object to the settlement and/or appear before the Court during the Final Approval Hearing (see paragraphs 13 and 14), as you need to be a Class Member affected by the Settlement to object or appear.

| 12. | How do I request exclusion from the Settlement? |
|---|---|

You may exclude yourself from the Class provided that your request is made in writing and postmarked before _____, 2023, which is a date 75 days after the date of the Preliminary Approval Order. Your written Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Alfonso FDCPA class action." No request for exclusion/opt out will be valid unless all of the information described above is included. Your written request to exclude yourself from the Settlement must be sent to the Settlement Administrator [insert address] and Class Counsel, Gustavo Ponce and Mona Amini at Kazerouni Law Group, APC, 6787 W. Tropicana Ave., Suite 250, Las Vegas, Nevada 89103.

You will be excluded from the settlement only if your request is *postmarked* on or before _____ (75 days after the date of the Preliminary Approval Order), and includes the required information. The date of the postmark on the Opt-Out Request shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

| 13. | What if I object to the Settlement? |
|---|---|

If you are a Class Member, you can object or comment on the Settlement. To object to the settlement, you must provide make an objection in writing and file it with the Court by the Opt-Out and Objection Deadline. An objection must: (A) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the

objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (B) Include a statement of such Class Member's specific objections; and (C) State the grounds for objection and attach any documents supporting the objection.

Any Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for all Parties.

You must notify the Court, Class Counsel, and Defendants' Counsel of your objection postmarked by _____, 2023, and your notice to of intention to appear regarding the objection before _____, 2023 twenty-one (21) days prior to the Final Approval Hearing and mail your objection to *each* of the following:

> **Class Counsel:**
> Gustavo Ponce Esq.
> Mona Amini Esq.
> Kazerouni Law Group, APC
> 6787 W. Tropicana Ave., Suite 250
> Las Vegas, Nevada 89103
> Telephone:  (800) 400-6808
> Facsimile:  (800) 520-5523
> Email:  gustavo@kazlg.com; mona@kazlg.com
>
> **Defendant's Counsel:**
> Sheri M. Thome, Esq.
> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
> 6689 Las Vegas Blvd. South, Suite 200
> Las Vegas, Nevada 89119
> Telephone: 702.727.1400
> Facsimile: 702.727.1401
> Email: Sheri.Thome@wilsonelser.com

If your objections do not meet all of the requirements set forth in this section, they may be deemed invalid and may be overruled.

| 14. | When and where will the Court determine whether to approve the Settlement? |
|---|---|

The Court has scheduled a Final Approval Hearing at _____ on _____, 2023 in Courtroom __ of the United States District Court for the District of Nevada located at 333 Las Vegas Blvd. South Las Vegas, NV 89101. This hearing may be continued or rescheduled by the Court without further notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses.  The Court also will consider any objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration without oral argument.

| 15. | Do I have to come to the final approval hearing? |
|---|---|

No.  You are not required to attend to the hearing but you are welcome to come at your own expense if you wish.

Class Members who object to the Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a notice of intent to appear to the Clerk of the Court at the address set forth in Section 14 above, and serve copies on Class Counsel and counsel for Defendants at the addresses set forth in Section 14 above no later than _____, 2023.

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing. Any Class Member who does not file and serve a notice of intention to appear in accordance with these instructions may be barred from speaking at any hearing concerning this Settlement.

| 16. | How do I get more information about the Settlement? |
| --- | --- |

This Notice only summarizes the Settlement.  The official terms of the Settlement are available by reviewing the public files for the United States District Court for the District of Nevada, by visiting the Settlement Website, or by sending a self-addressed, stamped envelope to the Settlement Administrator [insert address], or by contacting Class Counsel.  Please do not contact the Court with questions regarding the Settlement.

279721793v.1

EXHIBIT 3

Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Katya Alfonso*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATYA ALFONSO, | Case No.: 2:22-cv-00206-CDS-EJY |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| WILLIAMS & ASSOCIATES d/b/a WILLIAMS STARBUCK, DONALD H. WILLIAMS and DREW J. STARBUCK, | |
| Defendants. | |

On _____, 2023, Plaintiff Katya Alfonso ("Plaintiff") and Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck (together as "Defendants") (collectively "the Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement," "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 2023, Plaintiff filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by Defendants.

On _____, 2023, upon consideration of the Agreement, Plaintiff's Preliminary Approval Motion, and the record in this Action, **NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.   **JURISDICTION:**  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

2.   **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:**  The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to the approximately the Class and hearing shall be held on final approval of the Settlement.

3.   **SETTLEMENT CLASS MEMBERS:**  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class members:

> All individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February, 28, 2022.

4.   **CLASS CERTIFICATION:**  The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

5.   **CLASS REPRESENTATIVE AND CLASS COUNSEL:**  For purposes of preliminary approval, the Court appoints Plaintiff Katya Alfonso as the Class

Representative; and Plaintiff's counsel Gustavo Ponce and Mona Amini of Kazerouni Law Group, APC are appointed as Class Counsel.

6. **CLASS NOTICE AND SETTLEMENT ADMINISTRATOR:**   The Court approves the form and method of Class Notice set forth in the Settlement Agreement.   The Court finds that the form and method of notice set forth in the Settlement Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.   The Court approves the proposed Mail Notice attached to the Settlement Agreement as **Exhibit 2**. The Court preliminarily appoints Simpluris as the Settlement Administrator and they are directed to disseminate notice as set forth in the Settlement Agreement.

7. **SETTLEMENT AND CLAIMS PROCESS:** The Court preliminarily approves the Settlement as fair, reasonable and adequate for members of the Class.   The Court preliminarily approves the process set forth in the Settlement Agreement for reviewing, approving and paying Settlement Award payments from the Settlement Fund on a pro rata basis.

8. **EXCLUSIONS:**   Any Class Member who desires to be excluded from the Settlement must send a written request to the Settlement Administrator at the address designated in the Class Notice, to be postmarked no later than the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order. Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Alfonso FDCPA class action." The Settlement Administrator's address shall be provided in the Class Notice mailed to the Class Members.   The Settlement

279721888v.1

Administrator shall provide a list of all Opt-Out Requests to Class Counsel and Defendants within fourteen (14) days after the Opt-Out and Objection deadline. A list of the Class Members excluded from the Settlement will be filed with the Motion for Final Approval of the Class Action Settlement. Any Class Member who submits a valid and timely Opt-Out Request shall not be a member of the Settlement Class, and shall not be bound by the Settlement Agreement or Settlement.

9. **OBJECTIONS:**  Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Clerk of Court, on or before the Opt-Out and Objection Deadline, which is seventy-five (75) days from the post-marked date of the Class Notice.  Further, any such Class Member must, within the same time period, mail a copy of the written objection to Class Counsel and Defendants' Counsel, whose addresses shall be set forth in the Notice advising the Class Members regarding objections.  To be considered, written objection must be signed by the Class Member and (A) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;  (B) Include a statement of such Class Member's specific objections; and (C) State the grounds for objection and attach any documents supporting the objection. Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

10. **FINAL APPROVAL HEARING:**   The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 2023 at _____ am/pm. The Final Approval Hearing may be rescheduled or continued by

the Court or upon stipulation of the Parties. At the hearing, the Court will consider the following issues:

- Whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

- Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

- Whether the Final Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

- Any such other issues as the Court deems appropriate.

11.   Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

12.   If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

13.   The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

1

2

3

Dated: _____          _____

                                      THE HON. CRISTINA D. SILVA
                                      U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
279721888v.1