Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Katya Alfonso*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **KATYA ALFONSO,** | Case No.:  2:22-cv-00206-CDS-EJY |
| Plaintiff, | **PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| **WILLIAMS & ASSOCIATES d/b/a WILLIAMS STARBUCK, DONALD H. WILLIAMS and DREW J. STARBUCK,** | |
| Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Katya Alfonso ("Plaintiff" or "Class Representative") hereby submits this Motion for Final Approval of Class Action Settlement (the "Settlement") in this action (the "Action"), which is unopposed by Defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck (collectively "Defendants"). The terms of the Settlement are set forth in the Settlement Agreement ("Agr.").[1] (Dkt. No. 25-1, Exh. A).

The parties to this Action have meaningfully resolved this action in light of the costs and risks associated with continued litigation. The Settlement is fair, reasonable, and adequate; and comes after good faith settlement negotiations between experienced counsel who have carefully evaluated the claims and legal issues presented in this matter. Accordingly, Plaintiff, on behalf of herself individually and on behalf of the Class, respectfully requests that the Court certify the Class for settlement purposes and grant final approval of the Class Settlement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This consumer class action arises form Plaintiff's allegations that Defendants unlawfully and attempted to collect alleged debts due from Plaintiff and other similarly situated consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA). Plaintiff's operative complaint (the First Amended Complaint or "FAC") (ECF No. 6) alleges, among other things, that Defendants are debt collectors that unlawfully attempted to collect an alleged debt by sending Plaintiff and Class Members communications which failed to include certain required disclosures in violation of the FDCPA.

After extensive investigation and evaluation of the facts and law concerning the claims asserted in the Action and good faith and arm's length settlement negotiations facilitated by a mediator, Hon. Elizabeth Gonzalez (Ret.) of Advanced Resolution Management, the parties reached the Settlement bringing about a class-wide resolution of this Action. After reaching the agreement

---

[1] Unless otherwise specified, defined terms used in this memorandum are intended to have the meaning ascribed to those terms in the Settlement Agreement.

in principle, following the mediation the parties worked cooperatively over the course of several months to prepare the Settlement Agreement. Subsequently. on May 1, 2023, the parties' proposed Settlement Agreement was submitted to the Court along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class. (Dkt. No. 25). Thereafter, on August 15, 2023, the Court held a hearing on Plaintiff's Unopposed Motion for Preliminary Approval and issued an Order Granting Preliminary Approval on August 17, 2023. (Dkt. No. 29).

The Order Granting Preliminary Approval certified the Class for settlement purposes, appointed Plaintiff's counsel Mona Amini and Gustavo Ponce of Kazerouni Law Group, APC as Class Counsel, and appointed the named Plaintiff as the Class Representative in this Action. *Id*. In addition, the Order approved of the parties' proposed Notice procedure, directed distribution of notice to the Settlement Class Members, set the deadline for Plaintiff's Motion for attorneys' fees, and set the Final Fairness and Approval Hearing for December 14, 2023, at 10:00 a.m. in Courtroom 6B of the above-captioned court before the Honorable Cristina D. Silva. *Id*.

### III. TERMS OF THE SETTLEMENT

#### A. THE FINAL FAIRNESS AND APPROVAL HEARING

As stated above, and pursuant to the Court's Order granting Preliminary Approval of Class Action Settlement in this action (Dkt. No. 29), the Court set the Final Fairness and Approval Hearing for December 14, 2023, at 10:00 a.m. in Courtroom 6B of the above-captioned court before the Honorable Cristina D. Silva. At the Final Fairness and Approval Hearing, the Court will decide whether to finally approve the Settlement. The Court will also consider Class Counsel's Motion for Attorney's Fees and Costs, requesting $72,500 in attorney's fees and litigation costs, and Incentive Award of $4,000 to the named Plaintiff/Class Representative, Katya Alfonso. Plaintiff respectfully requests that the Court enter an order similar to the proposed Final Approval Order submitted concurrently with this motion and attached as Exhibit 1 to the Settlement Agreement (Dkt. No. 25-1), which includes a provision for the attorney's fees and litigation expenses requested by Class Counsel and Plaintiff's requested Incentive award.

### B. MONETARY AWARD TO CLASS MEMBERS

Under the Settlement, Defendants have agreed to provide Settlement Awards consisting of a cash payment of up to $750.00 to each of the 81 Settlement Class Members, comprised of "all individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022." Agr. §§ 2.4, 2.30. In addition to the Settlement Fund of $60,750.00 to be paid by Defendants to the Settlement Class Members who do not submit an Opt-Out Request or request for exclusion from the Settlement (*Id*. §§ 2.31, 2.5, 5.1, 5.2), Defendants have agreed to provide an Incentive Award to Plaintiff, and reasonable attorneys' fees and costs to Plaintiff's counsel (*Id*. §§ 6.1-6.3) to be paid by Defendants along with the cost of Settlement Administration outside the Settlement Fund (*Id*. § 5.3). Plaintiff and all Settlement Class Members who do not timely exclude themselves from the Settlement will receive a Settlement Award of $750.00 without the need to file a claim. Any Remaining Funds in the Settlement Fund that have not been distributed following the expiration of checks issued pursuant to Agr. § 11.1, or any money in the Settlement Fund that has not otherwise been distributed, shall be paid as a *cy pres* benefit to the Legal Aid Center of Southern Nevada, as approved by the Court; and no money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendants. Agr. § 11.2.

### C. NON-MONETARY BENEFIT

Class Members as well as non-class members will likely benefit from the deterrent effect of this Settlement. As the court explained in *Linder v. Thrifty Oil Co*., "…it is firmly established that the benefits of certification are not measured by reference to individual recoveries alone. Not only do class actions offer consumers a means of recovery for modest individual damages, but such actions often produce several salutary by-products, including a therapeutic effect upon those [entities] who indulge in [illegal] practices, aid to legitimate business enterprises by curtailing illegitimate [conduct], and avoidance to the judicial process of the burden of multiple litigation involving identical claims." *Linder v. Thrifty Oil Co*., 23 Cal. 4th 429, 445 (Cal. 2000) (internal quotations omitted).

//
//

### D. ATTORNEY'S FEES AND COSTS

Apart from the Settlement Fund providing Agreement contemplates and permits Class Counsel to apply to the Court for an award of attorneys' fees and costs to be paid by Defendants. Agr. § 6.1. Class Counsel have concurrently filed such a motion requesting an aggregate award of attorney's fees and costs in the total amount of $72,500, as agreed upon by the parties in the Settlement Agreement and authorized pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA. Defendants do not to oppose Class Counsel's motion for attorney's fees and costs.

### E. SETTLEMENT ADMINISTRATOR'S EXPENSES

The Agreement provides that all Administration Costs, including but not limited to costs of printing and providing notice to Class Members, the costs associated with creating and maintaining a Settlement Website, and costs for Mail Notice, and any different or additional notice that might be ordered by the Court, shall be paid by Defendants to the Settlement Administrator separate and apart from the Settlement Fund. Agr. §§ 5.3, 11.3. The amount Defendants shall pay for Settlement Administration Costs shall not exceed $10,000.00. *Id*. § 5.3.

### F. INCENTIVE AWARD

Pursuant to the Settlement Agreement and the Preliminary Approval Order, and subject to Court's final approval, Defendants have agreed to pay an Incentive Award of $4,000 to Plaintiff, in addition to her Class Member award, in recognition of Plaintiff's services as the Class Representative in this action. Agr. § 6.2. The deadline for Settlement Class Members to submit objections or Opt-Out Requests has expired, and there have been no objections to the proposed incentive awards or to the appointment of Plaintiff as the Class Representatives. *See* Declaration of Meagan Brunner ("Brunner Decl.") ¶¶ 13-14. In addition, as discussed in Plaintiff's concurrently filed Motion for Award of Attorney's Fees, Costs, and Incentive Award, such an Incentive Award is reasonable and appropriate given the time Plaintiff has expended assisting with the prosecution of this case since its inception nearly two years ago. *See* Declaration of Katya Alfonso ("Alfonso Decl.") ¶ 7; *See, e.g., Feuerstein v Zwicker & Associates, PC, et al*, No. 04-cv-11593-EGY, (D. Mass, Nov. 3, 2007) (awarding Plaintiff an incentive award of $5,000.00 in an FDCPA class action); *La Caria v. Northstar Location Services, LLC*, No. 2:18-cv-00317-GMN-DJA (D. Nev.,

June 29, 2021) (approving $3,000 incentive award in FDCPA class action settlement); *Staton v. Boeing Co.*, 327 F.3d 938, 976 (9th Cir. 2003) (noting service awards range from $2,000 to $5,000).

### G. RELEASE

Upon the Court's Order granting Final Approval of the Settlement, Plaintiff and the Class Members will be deemed to have released Defendants of all claims against Defendants arising from, related to, or connected with the Action, the FDCPA or any collection notices or communications, directed by Defendants to the Class Members during the Class Period. *See* Agr. § 16.1.

## IV. NOTICE TO SETTLEMENT CLASS MEMBERS

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure provides that "[f]or any class certified under Rule 23(b)(3), the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23. Adequate notice and an opportunity for class members to opt-out are critical to court approval of a class settlement under Rule 23(e). *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814 (1985). Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). The Notice, which was preliminarily approved by the Court, has adequately described the lawsuit, disclosed the proposed awards, discussed in great detail the consequences of remaining in the class vs. requesting exclusion and provided clear instructions on how to request exclusion or submit an objection related to the Settlement Agreement.

The Settlement Administrator's compliance with the Agreement and the Preliminary Approval Order is described below.

### A. DISSEMINATION OF NOTICE

The Settlement Administrator complied with the notice procedures set forth in the Preliminary Approval Order (Dkt. No. 29) and Settlement Agreement (Agr. § 9). Following the Court's Preliminary Approval Order, Defendants provided the Settlement Administrator a list

containing the names and last known addresses of 81 persons identified as the "Class List."[2] Brunner Decl. ¶ 4. The mailing addresses contained in the Class List were processed and updated by the Settlement Administrator utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service ("USPS"). *Id*. ¶ 5. The NCOA contains changes of addresses filed with the USPS. In the event that any individual had filed a USPS change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notices. *Id*. The Settlement Administrator also formatted the Notice to be sent by mail and posted a copy on the Settlement Website. *Id*. ¶ 6.

The Mail Notice successfully reached 98.8% of the 81 Settlement Class Members. The Mail Notice informed Settlement Class Members of their rights and options in the Settlement, the date of the Final Fairness and Approval Hearing, the Settlement's benefits to the Settlement Class Members, that they could call the Settlement Administrator's toll-free telephone number to obtain information about the Settlement or visit the Settlement Website. *See* Brunner Decl., Exh. A.

### B. THE SETTLEMENT WEBSITE

Pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, the Settlement Administrator prepared and has maintained a Settlement Website, www.WilliamsStarbuckFDCPASettlement.com, which includes important dates and deadlines related to the action, and Settlement-related documents, including the Settlement Agreement. Brunner Decl. ¶ 11. The Settlement Website has been available to the public since August 31, 2023; and of November 1, 2023, the website has been visited by 2,265 unique visitors with 3,009 page views. *Id*.

### C. TOLL-FREE PHONE NUMBER

A toll-free telephone number was included on the Settlement website for the purpose of allowing the Settlement Class Members to make inquiries regarding the Settlement. The system is

---

[2] Although the Settlement contemplated providing supplemental summary e-mail notice, e-mail addresses were not included in the Class List, and for the one (1) undeliverable Mail Notice, a valid e-mail address was not located during a reverse lookup; therefore, no supplemental summary notice was able to be sent by email for the one (1) undeliverable Notice. Brunner Decl. ¶ 10.

accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process. Brunner Decl. ¶ 12. The toll-free telephone number included was (866) 369-3780l and this number is active and has been available to the Settlement Class Members and general public since August 31, 2023. *Id*.

### D. NO OBJECTIONS, AND ONLY ONE (1) OPT-OUT REQUEST

Settlement Class Members were permitted to submit an Opt-Out Request to request exclusion or submit an objection to the Settlement. Agr. § 12. Pursuant to the timeline set forth in the Court's Preliminary Approval Order (Dkt. No. 29), the postmark date deadline for Settlement Class Members to submit a Opt-Out Request for exclusion from the proposed Settlement or object to the proposed Settlement expired on October 31, 2023. Brunner Decl. ¶ 13. As of the date of the Declaration of Meagan Brunner on behalf of Simpluris, the Settlement Administrator has received only one (1) Opt-Out Request from Settlement Class Members and zero (0) objections to the Settlement from the Settlement Class Members. The single Opt-Out Request is identified in Exhibit B to the declaration of the Settlement Administrator submitted concurrently with Plaintiff's Motion. *See* Brunner Decl. ¶ 14; Exh. B.

## V. ARGUMENT

### E. CLASS ACTIONS UNDER THE FDCPA

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, costs, and rigors of prolonged litigations. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th. Cir. 1976) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . ."). Congress expressly recognized the propriety and utility of class litigation for enforcement of consumer's rights under the FDCPA, given that the awards in an individual case are often too small to encourage an individual consumer to file their own lawsuit. 15 U.S.C. § 1692k. Class actions are particularly more appropriate where the FDCPA action arises from the debt collector's standardized form letter or practices. *See Ballard v Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999).

7
PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

In this case, because Defendants sent all Class members similar debt collection communications to Plaintiff and the Class members, which allegedly violate the FDCPA as a matter of law, a resolution on a class-wide basis is proper in this action.

## F. THE SETTLEMENT SATISFIES THE REQUIREMENTS OF FED. R. CIV. P. 23 AND SHOULD BE FINALLY APPROVED BY THE COURT AS FAIR, REASONABLE, AND ADEQUATE

The Court has already preliminarily determined that the Settlement satisfies Rule 23's requirements. (Dkt. No. 29). Plaintiff analyzed and applied the relevant Rule 23(a) and (b) factors to the class in Plaintiff's Motion for Preliminary Approval. (Dkt. No. 25). There is no reason such findings should be disturbed. Since preliminary approval, Plaintiff has continued to serve as an adequate Class Representative by reviewing documents and submitting declarations in support of Plaintiff's Motion for Award of Fees and  and the Final Approval Motion. Alfonso Decl. ¶¶ 7-9. Class Counsel have also continued to adequately represent the interests of the Settlement Class Members and the named Plaintiff, having, among other things, timely filing Plaintiff's Motion for Award of Attorney's Fees, Costs, and Incentive Award, and otherwise overseeing settlement administration.  Further, Notice was provided to the Class pursuant to the Preliminary Approval Order. Brunner Decl.¶¶ 6-10.

"Unlike the settlement of most private civil actions, class actions may be settled only with the approval of the district court." *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 623 (9th Cir. 1982). A Settlement may be approved if the Court, after allowing absent class members an opportunity to be heard, finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Courts may consider the following factors when determining if a proposed class action settlement is fair, reasonable and adequate: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the

presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *see also Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998). Not all factors are required to be considered; and under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

### 1. The Strength of Plaintiff's Case

The Settlement here is fair, reasonable, and adequate considering the potential risks and expenses associated with continued litigation, the probability of further appeals by either party, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation. As the Ninth Circuit has opined, the very essence of a settlement agreement is compromise, "a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of costs and elimination of risk, the parties each give up something they might have won had they proceeded with litigation . . .." *Id.* (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971) (internal quotation marks omitted).

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation, and the Risk of Maintaining Class Action Status Throughout Trial

The U.S. Supreme Court has described the FDCPA as a "comprehensive and complex federal statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1615 (2010). Also, class actions are generally considered to be complex. *See* Manual for Complex Litigation, Fourth, § 22. Correspondingly, FDCPA class action litigation is often complex, and some courts have declined to certify class actions for alleged violations of the FDCPA. *See, e.g., Lemp v. Seterus, Inc*., 2022 U.S. Dist. LEXIS 57819, 2022 WL 912960 (E.D. Cal., March 29, 2022) (denying class certification of a FDCPA and California Rosenthal Act class based on issues of commonality and predominance). If this litigation were to continue without the Settlement, Defendants would continue to vigorously defend this action (Agr. § 20.12) as Defendants deny any "liability and wrongdoing" in this action and have raised aa number of alleged defenses in their response to this action (*see* Defendants' Answer, Dkt. No. 10) and Defendants believe they have

factual and legal defenses to Plaintiff's claims and class allegations raised by Plaintiff. Had contested litigation proceeded, the parties would likely submit motions for summary judgment, which could then lead to appellate practice, and/or preparation for trial, resulting in further delays, uncertainties, and great expense. These complexities and challenges therefore favor the requested fee award.

By settling this matter and foregoing further litigation, the parties avoid the expense of trial and uncertainty of outcome. If this matter proceeded to trial the net value of the recovery could be further decreased due to the costs of compelling further discovery, retaining expert witnesses, preparing for trial and possibly, engaging in post-trial matters, including the lodging of an appeal. Therefore, the parties' Settlement is not only fair, reasonable, and adequate for all involved, but also an outstanding result and in the best interest of the Class.

### 3. *The Amount Offered in the Settlement*

Here, the Settlement Class Members who have not opted out of the Settlement will each receive a check for $750. As explained below, and in the Motion for Preliminary Approval (Dkt. No. 25), a Settlement Award of $750 per Settlement Class Member is reasonable considering other similar FDCPA class settlements and the risks of this particular case, including potential defenses raised by Defendant. *See, e.g., Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 678 (N.D. Cal. 2016) (finally approving approximate $14 payment to each of the 930 settlement class members for violation of Section 1692g(a)(4) of the FDCPA); *Calderon v. Wolf Firm, No*. SACV 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 42054, at *5 (C.D. Cal. Mar. 13, 2018) (approving payment of $15.66 to each of the 114 class members for FDCPA and California Rosenthal Act violation); *Acosta v. Patenaude & Felix*, No. 19-cv-954-CAB-BGS, 2020 U.S. Dist. LEXIS 165852, at *13 (S.D. Cal. Sep. 10, 2020) (finally approving a $3 settlement payment to class members in a FDCPA case); *Capps v. Law Offices of Peter W. Singer*, No. 15-cv-02410-BAS(NLS), 2016 U.S. Dist. LEXIS 161137, at *21 (S.D. Cal. Nov. 21, 2016) (preliminarily approving a $66.70 payment to class members based off of an anticipated class size of 174 for an FDCPA and California Rosenthal Act case). The FDCPA entitles a prevailing consumer to a maximum statutory damage of up to $1,000—"not [to] exceed[] $1,000." 15 U.S. Code § 1692k. Thus, the Settlement secured by Plaintiff and Class Counsel provides an excellent result and significant recovery for Settlement

Class Members as compared to similar FDCPA cases as: (1) the value offered is a compromise of the maximum statutory damages each class member could receive in this matter, which would otherwise be highly contested and require vigorous litigation efforts, and (2) the value offered is substantially better when compared to other similarly approved settlements.

### *4. The Extent of Discovery Completed and the Stage of the Proceedings*

When litigation has proceeded to the point where the parties have a "'clear view of the strengths and weaknesses of their cases,'" this factor supports approval of a settlement. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (*quoting In re Warner Comms. Secs. Litig.*, 618 F. Supp. at 741); *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980).

Here, given that the FDCPA is a strict liability statute with a statutory mechanism for calculation of awards to Plaintiff and similarly situated Class Members, the parties engaged in extensive investigation and evaluation of the facts and law concerning the claims asserted in the the parties, and efficiently engaged in confirmatory discovery and the informal exchange of information, which allowed the parties to determine the Class size and confirm that Defendants had the contact information for the Settlement Class Members in order to be able to provide Notice of the Settlement. With this information, the parties had a clear view of the strengths and weaknesses of their cases; and with the assistance of the skilled mediator, Hon. Elizabeth Gonzalez (Ret.) of Advanced Resolution Management, at the conclusion of an all-day mediation session, the parties were able to successfully reach a class-wide resolution. With this Settlement, the parties recognize and acknowledge the uncertain outcome and the risk of any litigation, including establishing the claims and defenses asserted in this action, the difficulties and expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions, and the delay of continued litigation; and balancing this against the benefits of the Settlement the Class Members, Class Counsel believes the Settlement as provided in this Agreement is in the best interests of the Class Members and represents a fair, reasonable, and adequate resolution of the Action. Agr § 1; Declaration of Mona Amini ("Amini Decl.") at ¶¶ 27-29.

//

### 5. *The Experience and View of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).Class Counsel, who have successfully prosecuted this litigation to date, have considerable experience litigating a variety of consumer rights issues on an individual and class basis, including class actions under the FDCPA. An extensive list of some of the cases in which Class Counsel and Kazerouni Law Group, APC, have successfully litigated and previously been appointed class counsel can be found in Class Counsel's accompanying declaration in support of Plaintiff's Motion. *See* Amini Decl., ¶¶ 38-45.

Given Class Counsel's extensive experience in litigating similar complex class action cases, Class Counsel are well positioned to assess the risks of continued litigation and benefits obtained by the settlement. Similarly, Counsel for Defendants also has extensive experience handling complex litigation.[3] Defendants' attorneys have vigorously defended Defendants throughout this case and continue to deny liability. Agr. § 1; *See e.g.*, Dkt. No. 10. Counsel for each of the parties is fully aware of the potential benefits of settlement and substantial risks of proceeding with litigation and have determined settlement to be the in the best interest of the Class. *See* Amini Decl. ¶ 27.

### 6. *The Reaction of Class Members to the Settlement*

The fact that there have been no objections and only one (1) Opt-Out Request from the group of 81 Settlement Class Members strongly supports final approval. A small number of objections is evidence that the settlement is fair and reasonable. *See Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (that there was only one opt-out supported upholding district court's approval of settlement). Given the lack of any objections and only one (1) Opt-Out Request from Settlement Class (Brunner Decl. ¶ 14), it is apparent that the Settlement was well received by the Class members and the Settlement, should be deemed fair,

---

[3] *See* https://www.wilsonelser.com/about; https://www.wilsonelser.com/about/recognition

adequate, and reasonable, and warrants final approval. Moreover, the named Plaintiff and Class Representative, Katya Alfonso, supports the Motion for Final Approval and Motion for Award of Attorney's Fees and Costs. *See* Alfonso Decl. ¶¶ 11, 15.

## VI. CONCLUSION

Plaintiff respectfully requests that the Court enter the Settlement Agreement's proposed Final Approval Order, including the following:

- Final certification of this proceeding as a Class Action pursuant to Fed. R. Civ. P. Rule 23(b)(3), with the Class as defined in the Settlement Agreement;
- Appointment of Plaintiff Katya Alfonso as the Class Representative in this Action;
- Appointment of Plaintiff's Counsel, Mona Amini and Gustavo Ponce of Kazerouni Law Group, APC, as Class Counsel in this Action;
- Finding that the Notice to Class Members satisfied the requirements of both the Federal Rules of Civil Procedure 23 and due process and that the Court has jurisdiction over the parties and the Class;
- Finding that the Settlement is fair, reasonable, and adequate to the Class Members and granting final approval of the Settlement;
- Granting Plaintiff's Motion for Award of Attorney's Fees, Costs, and Incentive Award;
- Order payment from the Settlement Fund to the Claims Administrator in compliance with the Court's Preliminary Approval Order and the Settlement Agreement; and
- Retain jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Final Approval Order.

DATED this 14th day of November 2023.

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808

13
PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile: (800) 520-5523
gustavo@kazlg.com
mona@kazlg.com
*Attorneys for Plaintiff and the Class*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of Kazerouni Law Group, APC, and that on this 14th day of November 2023, the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

DATED this 14th day of November 2023.

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
gustavo@kazlg.com
mona@kazlg.com
*Attorneys for Plaintiff and the Class*