# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Katya Alfonso,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck,<br><br>　　　　　　Defendants | Case No. 2:22-cv-00206-CDS-EJY<br><br>**Order Granting Final Approval of Class Action Settlement and Granting Award for Attorneys' Fees, Costs, and Incentive Award**<br><br>[ECF Nos. 30, 31] |

　　　Plaintiff Katya Alfonso and defendants Williams & Associates d/b/a Williams Starbuck, Donald H. Williams, and Drew J. Starbuck entered into a Class Action Settlement Agreement ("the Agreement"), which is subject to review under Fed. R. Civ. P. 23.

　　　On May 1, 2023, Alfonso filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class. ECF No. 25. The Preliminary Approval Motion was unopposed by defendants.

　　　On August 17, 2023, upon consideration of the Agreement, Preliminary Approval Motion, and the record in this action, the court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). ECF No. 29.

　　　On November 14, 2023, Alfonso filed a Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). ECF No. 31. In the Final Approval Motion, Alfonso requested, *inter alia*, final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed settlement. In addition, Alfonso concurrently filed a motion requesting an award of attorney's fees, costs, and plaintiff's Incentive Award, as provided under the settlement. ECF No. 30.

On December 20, 2023, the court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the court. ECF No. 38.

The court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

THEREFORE, IT IS HEREBY ORDERED:

1. **JURISDICTION**: The court has jurisdiction over the subject matter of this action and over all settling parties hereto.

2. **SETTLEMENT CLASS MEMBERS:** Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class members:

> All individuals who were sent an initial written communication by defendants in an attempt to recover sums due between February 28, 2021, and February 28, 2022.

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:** Pursuant to Fed. R. Civ. P. 23, plaintiff Katya Alfonso is the Class Representative; and Alfonso's counsel, Gustavo Ponce and Mona Amini of Kazerouni Law Group, APC, are certified as Class Counsel.

4. **NOTICE AND CLAIMS PROCESS:** Pursuant to the Preliminary Approval Order, the Settlement Administrator, Simpluris, Inc., complied with the approved notice process as confirmed in its declaration. ECF No. 34. The form and method for notifying the Class Members of the Settlement and its terms and conditions are in conformity with this Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the

circumstances. The court finds that the notice process was designed to advise the Class Members of their rights. Further, the court finds that the Settlement finally approved, and that the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. **FINAL CLASS CERTIFICATION:** The court finds that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3). The court finds that the Settlement of the action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Alfonso's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

6. **SETTLEMENT TERMS:** The Settlement Agreement (ECF No. 25-1), which has been filed with the court and shall be deemed incorporated as if set forth herein, and the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this court. The material terms of the Settlement Agreement include, but are not limited to, the following:

- The Settlement Administrator shall pay each of the 80 Class Members, who did not timely submit an Opt-Out request excluding themselves from the Settlement, a Settlement Award in the sum of $750.00 each from the Settlement Fund established by defendants;

- The Settlement Administrator shall pay from the Settlement Fund the sum of $4,000.00 to the named Plaintiff or Class Representative, payable through Class Counsel, as an Incentive Award for bringing and participating in this action;

3

- The Settlement Administrator shall be paid the sum of up to $10,000,00 by defendants for its costs and fees incurred for the cost of notice and settlement administration and any amounts advanced by defendants for those purposes shall be credited and refunded to them from the Settlement Fund; and

- The Settlement Administrator shall pay to Class Counsel the sum of $72,500.00 as attorneys' fees and costs incurred in litigating this action, in the manner specified in the Agreement.

7. **EXCLUSIONS AND OBJECTIONS:** Only one Opt-Out Request or request for exclusion was received. That person requesting exclusion from the Settlement is named on Exhibit A of this order. The court hereby excludes that person from the Class and Settlement.

8. The Class Members were given an opportunity to object to the settlement. However, zero Settlement Class Members filed objections and no Class Members appeared at the hearing to lodge any objections.

9. This order is binding on all Class Members, except the individual named on Exhibit A, who validly and timely excluded themself from the Class.

10. **RELEASE OF CLAIMS AND DISMISSAL OF ACTION:** The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

11. The Action is hereby dismissed with prejudice in all respects.

12. This order is not, and shall not be construed as, an admission by defendants of any liability or wrongdoing in this or in any other proceeding.

13. Without affecting the finality of this Final Approval Order, the court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

DATED: January 9, 2024

_____
Cristina D. Silva
United States District Judge